Filed 2/28/13  P. v. Wiedemann CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,** | |
| **Plaintiff and Respondent,** | **A135695** |
| v. | |
| **JOSHUA GREG WIEDEMANN,** | **(Lake County** |
| **Defendant and Appellant.** | **Super. Ct. No. CR928920)** |

Defendant Joshua Greg Wiedemann (appellant) pled no contest to one count of burglary and the trial court sentenced him to a three-year jail sentence.  Appellant contends the court abused its discretion in imposing the upper term.  We affirm.

### PROCEDURAL BACKGROUND

A March 2012 amended complaint charged appellant with burglary (Pen. Code, § 459) (counts 1 & 5), receiving stolen property (*id*., § 496, subd. (a)) (counts 2, 3 & 4), misdemeanor possession of burglary tools (*id*., § 466) (count 6), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1) (count 7).

Pursuant to a plea agreement, appellant pled no contest to the burglary charge in count 5.  The agreement specified that appellant would receive a jail sentence between 16 months and three years and the remaining counts would be dismissed pursuant to a *Harvey* waiver, allowing the sentencing court to consider the facts of the dismissed counts.  (See *People v. Harvey* (1979) 25 Cal.3d 754.)

1

The trial court sentenced appellant to jail for the three-year upper term with credit for 132 days time served.  This appeal followed.

FACTUAL BACKGROUND

According to the probation report, on February 18, 2012, a Lake County police officer arrested appellant pursuant to two active warrants from Tehama County. Appellant had in his possession a bag full of stolen property, a backpack containing numerous burglary tools, marijuana, and drug paraphernalia associated with methamphetamine use.  He also had in his possession another man's driver's license, which had been stolen during a February 14 car burglary, and a car registration and other documents stolen during another prior car burglary.

On February 19, 2012, a senior center reported that property had been stolen from a Red Cross emergency response vehicle.  The items found in appellant's bag were identified as property stolen from the vehicle.

DISCUSSION

Appellant contends the trial court abused its discretion in imposing a three-year upper term sentence.  We disagree.

I. *Standard of Review*

A trial court's exercise of its discretion in selecting a sentence under Penal Code section 1170[1] is subject to review for abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  "[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision.  [Citations.]"  (*Ibid.*)  "Sentencing courts have wide discretion in weighing aggravating and mitigating factors.  [Citation.]  Indeed, a trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.'  [Citation.]"  (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258 (*Lai*).)  " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is

---

[1]    All undesignated section references are to the Penal Code.

presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978; accord, *Lai*, at pp. 1258-1259.)

II.    *Background*

At the time of his February 2012 arrest on the present offense, appellant was 23 years old.  The probation report stated that appellant began regularly using marijuana, methamphetamine, and alcohol as a minor.  Appellant was declared a ward of the court when he was 14, after he vandalized a car.  While appellant was still a minor, the juvenile court found true probation violation allegations for fighting at school, possession of marijuana and amphetamines, truancy, possession of a knife, and positive drug tests.  He also escaped from a vehicle while being transported to a juvenile detention facility.  As an adult, appellant was convicted of driving under the influence in 2007; driving on a suspended license three times in 2008 and 2010; and spousal battery and petty theft in 2010.  Also in 2010, appellant was convicted on a felony charge of transporting or furnishing a controlled substance, and he was placed on probation in Tehama County.  In 2011, he was convicted of felony possession of a controlled substance and again placed on probation in Tehama County.

The probation report concluded there were no exceptional circumstances that would make appellant eligible for probation.  Based on his prior multiple felony convictions, his prior poor record on probation, and that he was on probation when he committed the new offense, the probation officer recommended appellant be sentenced to jail for the three-year upper term.  The report recommended that appellant's sentence "be served in the Lake County Jail, pursuant to" section 1170, subdivision (h)(5)(A).[2]

At the sentencing hearing, appellant's counsel stated that appellant "was in a Prop 36 drug treatment program in Tehama County at the time of this offense" and wanted to

---

[2]    Section 1170, subdivision (h)(5)(A) provides that a trial court may, when imposing a sentence on certain felonies, commit the defendant to a county jail "[f]or a full term in custody as determined in accordance with the applicable sentencing law."

resume drug treatment. Alternatively, counsel argued "for something less than the maximum possible sentence within the sentence range." The prosecutor recommended the upper term because appellant had a pattern of repeatedly violating probation and had failed to address his substance abuse problem.

The court declined to reinstate probation, noting appellant's "very, very long rap sheet." The court imposed the upper term based on four aggravating factors identified in the probation report: "the Court finds the defendant has engaged in violent conduct which indicates a serious danger to society. His prior convictions as an adult and sustained petitions as a juvenile are numerous. He was on probation when the crime was committed. His prior performance on probation was unsatisfactory." (See Cal. Rules of Court, rule 4.421(b)(1), (2), (4) & (5).) The court found no circumstances in mitigation. The court recognized that appellant admitted guilt but pointed out that "numerous other counts were dismissed in consideration therefore." The court also found that appellant "has a demonstrated history of substance abuse." The court imposed the upper-term sentence of three years, to be served in the Lake County Jail, and awarded presentence credits of 132 days.

III.   *Analysis*

Appellant does not dispute that the aggravating circumstances identified by the trial court are relevant and supported by the record. Instead, he claims the trial court abused its discretion because it failed to consider or give sufficient weight to two mitigating circumstances that, he claims, justified imposition of a shorter sentence or a or "hybrid" sentence under section 1170, subdivision (h)(1) or (2).[3]

In particular, appellant asserts the court failed "to give sufficient weight to the early admission of responsibility" because appellant entered a no contest plea a little

---

[3]   "In sentencing a defendant to county jail under section 1170, subdivision (h)(1) or (2), the trial court has an alternative to a straight commitment to jail for the term specified by statute (*id.*, subd. (h)(5)(A)). It can impose a hybrid sentence in which it suspends execution 'of a concluding portion of the term' and sets terms and conditions for mandatory supervision by the county probation officer. (*Id.*, subd. (h)(5)(B).)" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671.)

more than a month after his arrest.  However, the trial court considered that circumstance but declined to give it weight as a mitigating circumstance because appellant received substantial consideration for his plea in the dismissal of the remaining counts.  Appellant presents no authority the trial court was compelled to give that circumstance weight.

Appellant also argues the trial court failed to give proper consideration to the fact of his drug addiction as a mitigating circumstance.  At the outset, we reject the suggestion that the trial court failed to consider appellant's drug addiction.  The record shows the trial court was aware of appellant's history of substance abuse, and the court made a finding to that effect.  Appellant cites to *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*) in support of the proposition that drug addiction is a mitigating circumstance.  *Garcia* stated, in affirming a trial court's decision to strike prior conviction allegations, "as the trial court noted, [Garcia's] prior convictions all arose from a single period of aberrant behavior for which he served a single prison term.  [Garcia] cooperated with police, his crimes were related to drug addiction, and his criminal history does not include any actual violence.  Cumulatively, all these circumstances indicate that '[Garcia] may be deemed outside the [Three Strikes] scheme's spirit,' at least 'in part,' and that the trial court acted within the limits of its section 1385 discretion.  [Citation.]"  (*Id*. at p. 503.)  Although in a different statutory context, *Garcia* does provide persuasive support for the proposition that, in an appropriate case, a trial court may consider the fact that a crime was motivated by drug addiction as a mitigating circumstance.

Nevertheless, we believe the facts in *People v. Martinez* (1999) 71 Cal.App.4th 1502 (*Martinez*), are more analogous and, thus, the reasoning therein more applicable to the present case.  There, the defendant contended his sentence of life imprisonment under the "Three Strikes" law violated the state constitutional prohibition of cruel or unusual punishment.  (*Martinez*, at pp. 1509-1510.)  In rejecting the claim, the court pointed out in part that Martinez was "a frequent repeat offender who seemingly has not learned from past incarceration.  At sentencing he acknowledged that in the past dozen years he had averaged about 45 days between leaving jail and being arrested again.  [¶] [Martinez] portrays himself as a drug addict and a victim of drugs.  The record demonstrates [he] has

5

had lifelong problems with alcohol and drugs. However, drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment. [Citations.] It is notable that [Martinez] appears to have become seriously committed to seeking treatment after incarceration on charges carrying a life term. [Martinez's] upbringing and learning disabilities are unfortunate, but the law still holds such an individual responsible for his or her behavior." (*Id.* at pp. 1510-1511.) In the present case, the record demonstrates that appellant is a repeat offender who has performed poorly on probation and has failed to take drug treatment seriously. He was on probation in a drug treatment program when he committed the present offense. The trial court did not abuse its discretion in failing to treat appellant's drug addiction as a mitigating circumstance.

Moreover, even if the court erred in failing to identify appellant's acceptance of guilt and drug addiction as mitigating circumstances, the error was not prejudicial because there is no reasonable probability a more favorable sentence would have been imposed in the absence of the error. (*People v. Scott* (1994) 9 Cal.4th 331, 355.) As explained above, in the present case, the two mitigating circumstances relied upon by appellant were weakly mitigating at best. Moreover, the record reflects that the trial court had those circumstances in mind, even if it did not accept them as mitigating circumstances. In light of the four undisputed aggravating circumstances identified by the trial court, any error in identifying mitigating circumstances was harmless. (See *People v. Jones* (2009) 178 Cal.App.4th 853, 863, fn. 7 ["Only a single aggravating factor is necessary to make it lawful for the trial court to impose an aggravated prison term. [Citations.]"].)

We also reject appellant's claim the trial court erred by not "suspend[ing] any portion of the upper-term sentence" or "reserv[ing] jurisdiction to later determine an appropriate portion to suspend," under section 1170, subdivision (h)(5)(B). Appellant has not shown the trial court was unaware of its discretion under section 1170, subdivision (h), and we will not presume such unawareness. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Neither does appellant present any authority that a trial court is

6

required to expressly consider sentencing under section 1170, subdivision (h)(5)(B) on the record. For the reasons stated previously, the trial court's decision to impose the upper term sentence was not an abuse of discretion. Appellant's claims on appeal are without merit.[4]

DISPOSITION

The trial court's judgment is affirmed.

_____<br>SIMONS, J.

We concur.

_____
JONES, P.J.

_____
NEEDHAM, J.

---

[4]    We need not and do not consider respondent's contention that appellant's claims were forfeited by appellant's counsel's failure to object below.