172 Cal.App.4th 815 (2009)
THE PEOPLE, Plaintiff and Respondent,
v.
MICHAEL TROY JONES, Defendant and Appellant.
No. E045100.
Court of Appeals of California, Fourth District, Division Two.
March 25, 2009.
*818 Stephen S. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Scott Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

*819 OPINION
RAMIREZ, P. J. 
Defendant and appellant Michael Troy Jones appeals his jury conviction for arson (Pen. Code, § 451, subd. (d))[1] because he believes the trial court made several errors in reaching his total sentence of 16 years in state prison. He contends the trial court failed to properly inform him of the direct consequences of his admission of a prior arson offense. He also argues the trial court violated section 654, the prohibition against the dual use of facts, and his federal constitutional right to a jury trial.

FACTUAL AND PROCEDURAL BACKGROUND
In a first amended information, defendant was charged with arson of property of another. (§ 451, subd. (d).) It was further alleged defendant had a prior conviction for arson (§ 451, subd. (c)) within the meaning of section 451.1, which also qualified as a prior strike (§§ 1170.12, subds. (a)(d), 667, subds. (b)(i)), and a prior serious felony (§ 667, subd. (a)). Before trial, defendant admitted the truth of the prior arson allegations.
Evidence presented at trial indicated defendant was seen leaning and reaching inside a stolen, abandoned truck by a passing motorist. As defendant ran from the truck, the motorist saw smoke and flames coming from inside the vehicle, so he used his cell phone to dial 911. A responding police officer searched defendant after finding him inside a nearby building and found paper and matches in his pockets. An arson expert testified the fire started in the interior driver seat of the vehicle as a result of a combustible open flame device, such as a match or lighter. Defendant testified in his own defense and denied setting the fire. During his trial testimony, defendant once again admitted he had a prior conviction for arson after setting fire to a pile of "girlie books" inside an old, abandoned gas station.
The trial court sentenced defendant to a total of 16 years in state prison. To reach the total term of 16 years, the trial court imposed the upper term of three years for the new arson conviction and doubled it to six years because of the prior strike. The court then added a consecutive term of five years under section 451, subdivision (a), based on defendant's prior arson conviction, and another five-year consecutive term because the prior arson conviction qualified as a serious felony.

*820 DISCUSSION

Defendant's Admission of the Prior Conviction Allegations
Defendant contends his sentence should be vacated because the trial court failed to advise him of the direct consequences of admitting his prior arson conviction. Defendant claims these consequences included an increase in the sentence under section 451, subdivision (c), doubling of the base term of his offense under the "Three Strikes" law, and the addition of a five-year term because the prior arson conviction qualified as a serious felony.
(1) "A defendant who admits a prior criminal conviction must first be advised of the increased sentence that might be imposed. [Citations.] However, unlike the admonition required for a waiver of constitutional rights, advisement of the penal consequences of admitting a prior conviction is not constitutionally mandated. Rather, it is a judicially declared rule of criminal procedure. [Citations.] Consequently, when the only error is a failure to advise of the penal consequences, the error is waived if not raised at or before sentencing." (People v. Wrice (1995) 38 Cal.App.4th 767, 770-771 [45 Cal.Rptr.2d 193].)
Here, the transcript of the hearing held October 16, 2007, when defendant admitted his prior arson conviction, confirms the court did not specifically advise defendant of the direct consequences of his admission.[2] The record also indicates defendant's counsel did not object on this ground at or before the time of sentencing. Accordingly, defendant waived this claim, because he did not raise it at or before the time of sentencing.[3]

*821 Failure to Consider Additional Mitigating Factors

Defendant complains the trial court imposed aggravated terms without considering a number of mitigating factors that were available in the court's records, such as his addiction to drugs and his history of severe mental disorder. However, there is nothing to indicate these factors were presented to the court at the time of sentencing in the form of a sentencing memorandum filed by defendant's counsel or during oral argument. Nor did defendant's counsel object during the sentencing hearing based on any failure by the trial court to consider these or any other mitigating factors. As a result, defendant has waived this claim, because he did not object on this basis at the time of sentencing. (People v. Kelley (1997) 52 Cal.App.4th 568, 581-582 [60 Cal.Rptr.2d 653].)

Ineffective Assistance of Counsel
To the extent we consider any of his counsel's objections insufficient to preserve the issues he has raised on appeal, defendant argues he received ineffective assistance of counsel. Based on the preceding discussion, defendant's claims are that he received ineffective assistance of counsel because (1) his attorney did not object when the trial court failed to advise him of the direct consequences of admitting his prior arson conviction, and (2) his attorney did not object when the court imposed aggravated prison terms without considering additional mitigating factors available in the record.
(2) A cognizable claim of ineffective assistance of counsel requires a showing "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed . . . by the Sixth Amendment." (Strickland v. Washington (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 104 S.Ct. 2052].) "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." (Id. at p. 688.) To prevail on an ineffective assistance of counsel claim, a defendant must also establish counsel's performance prejudiced his defense. (Id. at p. 687.) To establish prejudice, a defendant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Id. at p. 694.) Because a defendant must prove both elements of the Strickland test in order to prevail, courts may reject an ineffective assistance of counsel claim if it finds counsel's performance was reasonable or the claimed error was not prejudicial. (Id. at p. 687.) "Because we accord great deference to trial counsel's tactical decisions, counsel's failure to object rarely provides a basis for finding incompetence of counsel." (People v. Lewis (2001) 25 Cal.4th 610, 661 [106 Cal.Rptr.2d 629, 22 P.3d 392].) Such claims must be rejected on direct appeal *822 if the record does not affirmatively show why counsel failed to object and the circumstances suggest counsel could have had a valid tactical reason for not objecting. (People v. Mendoza Tello (1997) 15 Cal.4th 264, 266-267 [62 Cal.Rptr.2d 437, 933 P.2d 1134].)
On the record before us, we must reject defendant's ineffective assistance of counsel claims. First, the record does not affirmatively disclose why counsel failed to object. Second, on the record before us, we cannot eliminate the probability defense counsel had valid tactical reasons for not objecting. For example, there may be valid tactical reasons for a defense attorney not to offer or to highlight mitigating evidence about a defendant's background and character. (See, e.g., People v. Ochoa (1998) 19 Cal.4th 353, 468 [79 Cal.Rptr.2d 408, 966 P.2d 442].)

Alleged Dual Use of Facts
Defendant argues the trial court abused its discretion by relying on his prior arson offense multiple times to select the upper terms under sections 451, subdivision (d), and 451.1, subdivision (a)(1), and to enhance his sentence under section 667, subdivisions (a), and (b) through (i). According to defendant, the trial court's use of his prior conviction in this manner violated the prohibition against the dual use of facts set forth in section 1170, subdivision (b), and rule 4.420(c) of the California Rules of Court.[4]
A trial court's decision to impose a particular sentence is reviewed for abuse of discretion and will not be disturbed on appeal "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (People v. Carmony (2004) 33 Cal.4th 367, 377 [14 Cal.Rptr.3d 880, 92 P.3d 369].) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, `"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citation.] Second, a `"decision will not be reversed merely because reasonable people might disagree. `An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citation.]" (Id. at pp. 376-377.) Even if a trial court has stated both proper and improper reasons for a sentence choice, "a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper. [Citation.]" (People v. Price (1991) 1 Cal.4th 324, 492 [3 Cal.Rptr.2d 106, 821 P.2d 610].)
*823 Section 1170, subdivision (b), states in pertinent part as follows: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . [T]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (Italics added.) In addition, rule 4.420 provides in part as follows: "(c) To comply with section 1170[, subdivision] (b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so.[5] The use of a fact of an enhancement to impose the upper term of imprisonment is an adequate reason for striking the additional term of imprisonment, regardless of the effect on the total term."
In addition, section 1170.1, subdivision (d), states: "When the court imposes a prison sentence for a felony pursuant to Section 1170 . . . the court shall also impose, in addition and consecutive to the offense of which the person has been convicted, the additional terms provided for any applicable enhancements. If an enhancement is punishable by one of three terms, the court shall impose the middle term unless there are circumstances in aggravation or mitigation, and state the reasons for its sentence choice, other than the middle term, on the record at the time of sentencing. . . ." (Italics added.)
(3) Section 451, subdivision (d), sets forth a range of base terms for an offense involving arson of property as "16 months, two, or three years" in state prison.[6] As noted above, the trial court imposed the aggravated term of three years. Section 451.1, subdivision (a), provides for a "three-, four-, or five-year enhancement"[7] if the defendant has previously been convicted of arson under section 451.[8] As noted above, the trial court imposed the aggravated term of five years.
After the court indicated its intent to impose the 16-year prison term, defense counsel specifically objected that he did not believe there was *824 adequate justification or legal precedent for imposing an aggravated term and for using a prior conviction "three times" to enhance the sentence. Referring to the probation report, the prosecutor argued there were "aggravating factors other than the prior" that could be used to aggravate the sentence, and there was legal precedent for using defendant's prior conviction for more than one purpose.
(4) In response to defense counsel's objections, the court stated it was only using defendant's prior conviction "twice" to justify the sentence. The record supports the trial court's assertion. First, defendant's prior conviction qualified as a strike, so it was used to double the base term as required by sections 1170.12, subdivision (c)(1), and 667, subdivision (e)(1). Second, defendant's prior conviction qualified as a serious felony, so another five years was added to the sentence as required by section 667, subdivision (a)(1). Despite a contrary suggestion by defendant, it is not an improper dual use of facts to use the same prior conviction to impose the doubling requirement under sections 1170.12, subdivision (c)(1), and 667, subdivision (e)(1), and to also impose a five-year serious felony enhancement under section 667, subdivision (a). (People v. Purata (1996) 42 Cal.App.4th 489, 498 [49 Cal.Rptr.2d 664] [concluding the five-year enhancement under § 667, subd. (a), is mandatory even though the same prior conviction triggered a doubling of the base term under § 667, subd. (e)].)
The probation report listed six aggravating factors other than defendant's prior conviction. The court repeated these aggravating factors on the record to justify the sentence and noted it had also considered the single mitigating factor shown in the probation report. Because the court stated it was only using defendant's prior arson conviction twice to justify the sentence, the only reasonable interpretation of the record is that the court relied on other aggravating factors listed in the probation report to impose the aggravated base term under section 451, subdivision (d), and the enhancement under section 451.1, subdivision (a)(1).[9] Under these circumstances, defendant is unable to show an abuse of discretion based on an improper dual use of facts.

Section 654
Defendant also contends the trial court violated section 654 because it added five years under section 667, subdivision (a)(1), and another five years under section 451.1, subdivision (a), when both of these statutes essentially punish the same conducti.e., committing a new arson "when he had already *825 committed a prior arson." He believes the trial court should only have imposed one of these two enhancements.
Section 654, subdivision (a), provides as follows: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."
(5) On at least two occasions, our Supreme Court has rejected arguments similar to the one defendant has advanced here. First, the defendant in People v. Coronado (1995) 12 Cal.4th 145 [48 Cal.Rptr.2d 77, 906 P.2d 1232] (Coronado), argued he was punished twice in violation of section 654, because the sentencing court used the same prior conviction to elevate his new drunk driving offense to a felony and to enhance his sentence under section 667.5, subdivision (b). (Coronado, at pp. 149, 156.) The Supreme Court explained, "there are at least two types of sentence enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. [Citation.] Prior prison term enhancements, such as those authorized by section 667.5[, subdivision] (b), fall into the first category and are attributable to the defendant's status as a repeat offender. [Citations.] The second category of enhancements . . . arise from the circumstances of the crime and typically focus on what the defendant did when the current offense was committed." (Id. at pp. 156-157, fn. omitted.) By its own terms, section 654 is limited to an "act or omission" (i.e., to criminal conduct or criminal neglect). Status enhancements are not imposed for an "act or omission" because they "are not attributable to the underlying criminal conduct which gave rise to the defendant's prior and current convictions." (Coronado, at p. 158.) Instead, they are imposed based on the status of the recidivist offender. As a result, the Supreme Court concluded section 654 does not preclude the multiple use of a prior conviction to impose status enhancements. (Coronado, at pp. 158-159.)
In People v. Walker (2002) 29 Cal.4th 577, 580 [128 Cal.Rptr.2d 75, 59 P.3d 150] (Walker), a jury found the defendant guilty of three counts of burglary, grand theft, and receiving stolen property. While awaiting trial on these charges, the defendant was released on bail; he failed to appear in court as ordered. As a result, he was charged in a separate case with willful failure to appear in violation of section 1320.5. As a basis for enhancing the sentence under section 12022.1, it was further alleged the defendant committed the offense while released on bail. For this single offense of failure to appear, the trial court imposed an eight-month term under section 1320.5, plus a two-year enhancement under section 12022.1. (Walker, at pp. 580-581.) The defendant *826 argued it was a violation of section 654 to impose punishment under both sections. (Walker, at p. 581.) Citing its prior decision in Coronado, the Supreme Court concluded section 12022.1 is a status enhancement, because it "turns on the status of a defendant as a repeat offender, not on what the defendant did when committing the current crime." (Walker, at p. 589.) As a result, the Supreme Court concluded "the enhancement does not constitute punishment of an act or omission within the meaning of section 654." (Ibid.) It was therefore appropriate for the defendant to be sentenced under both sections 1320.5 and 12022.1. (Walker, at p. 589.)
(6) Following the reasoning of Coronado and Walker, we conclude the trial court in this case did not violate section 654 when it added five years under section 667, subdivision (a)(1), and another five years under section 451.1, subdivision (a). Both sections 667, subdivision (a)(1), and 451.1, subdivision (a), qualify as status enhancements, because they are based on defendant's status as a repeat offender and not on the conduct that served as the basis for the current offense. As a result, section 654 does not apply.

Right to a Jury Trial
Citing Cunningham v. California (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856] (Cunningham), defendant argues the trial court violated his constitutional right to a jury trial because it imposed aggravated terms based on facts which were not admitted or found true by a jury. Although he concedes Cunningham allows the trial court to consider his prior conviction in imposing an aggravated term, he contends the trial court improperly relied on the other aggravating circumstances cited in the probation report. These included the following: (1) the manner in which the crime was committed showed planning, sophistication, or professionalism; (2) the crime involved damage to property of great monetary value; (3) the crime involved violent conduct indicating a serious danger to society; (4) defendant's prior convictions are numerous or of increasing seriousness; (5) defendant was on probation when the current offense was committed; and (6) defendant's prior performance on probation was unsatisfactory. Defendant also believes the amended version of section 1170, subdivision (b), was unconstitutionally applied in his case because he committed the offense in 2005, long before the amendments in 2007. We disagree.
(7) In Apprendi v. New Jersey (2000) 530 U.S. 466, 490 [147 L.Ed.2d 435, 120 S.Ct. 2348] (Apprendi), the United States Supreme Court held that a criminal defendant's right to a jury trial is violated when a sentencing scheme allows a trial court to increase a criminal penalty beyond the prescribed statutory maximum based on a fact, other than a prior conviction, which was not admitted by the defendant or found true by a jury. Later, the United States *827 Supreme Court in Cunningham, supra, 549 U.S. 270 [127 S.Ct. 856] considered the constitutionality of California's determinate sentencing law (DSL) in light of the holding in Apprendi. Prior to March 30, 2007, section 1170, subdivision (b), of the DSL provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." In Cunningham, the United States Supreme Court concluded former section 1170, subdivision (b), violated the rule set forth in Apprendi, to the extent it created a presumption that rendered the middle term the statutory maximum and allowed trial courts to impose an aggravated upper prison term "based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (Cunningham, supra, 549 U.S. at p. 275 [127 S.Ct. at p. 860], italics added.)
(8) In response to Cunningham, the Legislature amended the DSL effective March 30, 2007. (Stats. 2007, ch. 3, § 2; People v. Sandoval (2007) 41 Cal.4th 825, 836, fn. 2 [62 Cal.Rptr.3d 588, 161 P.3d 1146].) Because of these amendments, trial courts now have the discretion under section 1170, subdivision (b), to select among the lower, middle, and upper terms specified by statute without stating ultimate facts deemed to be aggravating or mitigating under the circumstances and without weighing aggravating and mitigating circumstances. (Sandoval, at p. 847, citing § 1170, subd. (b), as amended.) Rather, "a trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions." (Sandoval, at p. 848.) In other words, these amendments to the DSL essentially eliminated the middle term as the statutory maximum absent aggravating factors.
(9) In Sandoval, supra, 41 Cal.4th at pages 845-857, our Supreme Court held it is constitutionally appropriate to apply the amended version of the DSL in all sentencing proceedings conducted after the effective date of the amendments, regardless of whether the offense was committed prior to the effective date of the amendments. We are bound by the Sandoval decision. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
Here, the record shows defendant was sentenced on December 7, 2007, about eight months after section 1170, subdivision (b), was amended. It is therefore apparent defendant was not sentenced under the sentencing scheme found unconstitutional by the Supreme Court in Cunningham. His reliance on Cunningham is therefore misplaced. As noted above, the upper term is now the statutory maximum under the amended version of section 1170, *828 subdivision (b). As a result, the trial court was entitled to impose the upper term based on any significant aggravating factors unless an exception applied. The court did so by citing all of the aggravating factors listed in the probation report. In relying on these factors, the court did not violate defendant's jury trial guarantee by engaging in constitutionally impermissible factfinding in order to impose a prison sentence beyond the prescribed statutory maximum.
A remand would not be necessary even if Cunningham is relevant under the facts of this case. In response to Cunningham, our Supreme Court in Black II, supra, 41 Cal.4th at page 815, citing People v. Osband, supra, 13 Cal.4th at page 728, concluded a remand for resentencing is unnecessary where the record shows that in imposing an upper term the trial court relied on a single aggravating factor, which meets constitutional standards, such as the defendant's criminal history, even if the court also relied on other factors. (Black II, at pp. 815-820 ["imposition of the upper term does not infringe upon the defendant's constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions"].)
(10) Our Supreme Court in People v. Towne (2008) 44 Cal.4th 63, 82 [78 Cal.Rptr.3d 530, 186 P.3d 10], recently confirmed that a defendant's unsatisfactory performance on parole is a legally sufficient aggravating circumstance that can justify imposing an upper term, as long as the defendant's record of prior convictions shows he or she was on probation or parole when he or she incurred a new conviction.
Here, defendant does not dispute the assertion he incurred the new conviction in this case while on probation in a prior case. Nor can we disagree with the trial court's conclusion defendant's prior convictions are of increasing seriousness. Defendant does not dispute the list of prior convictions listed in the probation report. This list suggests his prior convictions are not only numerous but that he progressed from minor offenses, such as trespassing (§§ 602, 602.5), possession of a controlled substance (Health & Saf. Code, § 11377), possession of drug paraphernalia (Health & Saf. Code, § 11364), and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), to two extremely dangerous acts of arson. As a result, the trial court imposed the upper term based on two or more aggravating factors that meet the constitutional standards set forth in Cunningham, supra, 549 U.S. 270 [127 S.Ct. 856]. Pursuant to Black II, supra, 41 Cal.4th at pages 815-820, it is constitutionally insignificant that the court may also have relied on other aggravating factors.

*829 DISPOSITION
The judgment is affirmed.
McKinster, J., and Miller, J., concurred.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] As part of the recommended sentence, these consequences were detailed in the probation report and in a sentencing memorandum filed by the People on November 14, 2007.
[3] The People believe a remand is necessary because defendant did not specifically admit that his prior arson qualified as a prior serious felony or a prior strike. We disagree. The amended information filed October 16, 2007, alleges that defendant's prior arson qualified as a prior serious felony and a prior strike. At a hearing held October 1, 2007, defendant waived a formal reading of the information and an advisement of rights. He then admitted the truth of "the prior allegation as it pertains to Count 1 and also as further alleged in Count 1." (Italics added.) We assume this admission was made to prevent the charge of the prior conviction from being read to the jury as allowed by section 1025, subdivision (c). "Defendant's admission of the prior convictions is not limited in scope to the fact of the convictions but extends to all allegations concerning the felonies contained in the information." (People v. Ebner (1966) 64 Cal.2d 297, 303 [49 Cal.Rptr. 690, 411 P.2d 578].) Defendant "is now bound by that admission." (People v. Jackson (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694 P.2d 736].) The trial court was not required to obtain the admission again at the time of sentencing in order to treat the prior conviction as a serious felony and/or a prior strike.
[4] All further references to rules are to the California Rules of Court.
[5] (See People v. Wilson (2002) 95 Cal.App.4th 198, 203 [115 Cal.Rptr.2d 355] [concluding trial courts have discretion to strike the enhancements provided in § 451.1 under § 1385 despite the inclusion of the "`notwithstanding any other law'" language in subd. (a) of § 451.1].)
[6] Base term is defined in rule 4.405(2) as "the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed."
[7] Enhancement is defined in rule 4.405 as "an additional term of imprisonment added to the base term."
[8] Section 451.1, subdivision (a), also provides that the enhancement is applied "[n]othwithstanding any other law." Despite the inclusion of this language, the appellate court in People v. Wilson, supra, 95 Cal.App.4th at page 203, concluded trial courts have discretion to strike a section 451.1 enhancement under section 1385.
[9] Only a single aggravating factor is necessary to make it lawful for the trial court to impose an aggravated prison term. (See § 1170, subd. (b); People v. Black (2007) 41 Cal.4th 799, 815 [62 Cal.Rptr.3d 569, 161 P.3d 1130] (Black II), citing People v. Osband (1996) 13 Cal.4th 622, 728 [55 Cal.Rptr.2d 26, 919 P.2d 640].)