Filed 3/19/13  P. v. Miller CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061319 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF26664) |
| ROBERT MILLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Robert Miller appeals from the sentence imposed on him following his violation of probation in a case in which he pled no contest to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).  Miller contends that defense counsel was ineffective for failing to alert the sentencing judge to an earlier plea agreement from which Miller had withdrawn under the mistaken belief that he was not eligible to serve the indicated sentence in jail rather than in prison.  Appealing to principles of equity and

fairness, Miller also contends we should reduce the upper term sentence imposed by the trial court to the lower term sentence indicated in the plea agreement from which Miller withdrew. We conclude that Miller's arguments are without merit, and we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2011, in the instant action, Miller was charged with possession for sale of a controlled substance (Health & Saf. Code, § 11351) and simple possession of a controlled substance (*id*., § 11350, subd. (a)). Miller entered a no contest plea to the simple possession count on February 1, 2011, and was placed on three years formal probation.

The trial court revoked Miller's probation on July 6, 2011, after Miller failed to enroll in and complete a drug and alcohol program. On July 15, 2011, the trial court sentenced Miller to jail for the 92 days that he had already served and reinstated him on formal probation for three years.

Miller again violated the terms of his probation by failing to report to his probation officer and by possessing heroin, and he was charged in a new action — case No. JCF27756 — with additional drug possession crimes. At a hearing on September 27, 2011, before the Honorable Bert L. Swift, Miller pled guilty in case No. JCF27756 and admitted to violating probation in the instant action. As explained by Judge Swift on the record, the plea agreement indicated a sentence of 16 months in county jail for case No. JCF27756 to run concurrently with a 16-month jail sentence for the probation

2

violation in the instant action. The matter was referred for preparation of a probation officer's report prior to a sentencing hearing.

At a hearing on October 25, 2011, before the Honorable Ernest A. Borunda, the deputy district attorney explained that even though the plea agreement accepted by Judge Swift provided that Miller would serve two concurrent 16-month jail terms, Miller was ineligible to be sentenced to jail instead of prison under the recent realignment legislation because of his criminal record.[1] In light of the deputy district attorney's representation, the trial court permitted Miller to withdraw his guilty plea in case No. JCF27756 and his admission to a violation of probation in the instant action.

At a subsequent probation revocation hearing in the instant action, the Honorable William D. Lehman found that Miller violated his probation. On January 27, 2012, Judge Lehman held a sentencing hearing in the instant action.[2] The deputy district attorney

---

[1]     The "'2011 Realignment Legislation addressing public safety' (Stats. 2011, ch. 15, § 1) . . . , together with subsequent related legislation, significantly changed the sentencing and supervision of persons convicted of felony offenses." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671.) Under that law, "[i]f the penal statute specifies the defendant shall be punished by imprisonment pursuant to [Penal Code] section 1170, subdivision (h), without specifying a particular term of punishment, the crime is 'punishable by a term of imprisonment in a county jail for 16 months, or two or three years.' (*Id.*, subd. (h)(1).)" (*Cruz*, at p. 671.) "Defendants not eligible include those who: (1) have a current or prior conviction for a serious felony described in section 1192.7, subdivision (c) or a violent felony described in section 667.5, subdivision (c) . . . . The sentence for such defendants is to be served in state prison. (§ 1170, subd. (h)(3).)" (*Cruz*, at p. 671, fn. 5.)

[2]     At the time of sentencing in the instant action, the charges in case No. JCF27756 were still pending, with a pretrial conference set for February 2, 2012. The record contains no subsequent information about the status of case No. JCF27756.

informed Judge Lehman that defense counsel had obtained documents concerning Miller's prior convictions, which showed that, contrary to the parties' prior understanding at the time Miller withdrew from the plea agreement, Miller did *not* have a prior conviction for armed robbery that would prevent the trial court from sentencing him to jail instead of prison under Penal Code section 1170, subdivision (h).[3] The trial court followed the probation officer's recommendation and sentenced Miller to the upper term of three years, which the trial court clarified would be served in county jail pursuant to Penal Code section 1170, subdivision (h)(1).

Miller filed a notice of appeal.

II

DISCUSSION

A. *Miller Has Not Established Ineffective Assistance of Counsel*

Miller contends that defense counsel was ineffective at the sentencing hearing before Judge Lehman because he did not bring to Judge Lehman's attention the history of Miller's withdrawn plea agreement, which indicated concurrent lower term sentences of 16 months in the instant action and case No. JCF27756. According to Miller, if Judge Lehman had been informed that Miller withdrew from the plea agreement due to a mistake about whether his prior criminal record required that he serve his sentence in

---

[3] The probation officer's report presented to the trial court before the sentencing hearing erroneously stated that Miller had a prior conviction for armed robbery, which — pursuant to Penal Code section 1170, subdivision (h)(3) — would make Miller ineligible to serve his sentence in county jail.

prison, Judge Lehman would have been more likely to impose a lower term sentence of 16 months rather than a three-year upper term sentence.

"Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) A defendant claiming ineffective assistance of counsel has the burden to show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*); *Ledesma*, at pp. 216, 218.) Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694.) Further, "[r]eviewing courts reverse convictions on direct appeal on the ground of incompetence of counsel only if the record on appeal demonstrates there could be no rational tactical purpose for counsel's omissions." (*People v. Lucas* (1995) 12 Cal.4th 415, 442; see also *People v. Anderson* (2001) 25 Cal.4th 543, 569.)

Without deciding whether defense counsel acted below an objective standard of reasonableness or whether there could have been a rational tactical purpose for defense counsel's failure to bring the history of the withdrawn plea agreement to the attention of Judge Lehman, Miller's argument fails because he has not shown that he was prejudiced by defense counsel's failure to raise the issue with Judge Lehman. (*Strickland*, *supra*,

466 U.S. at p. 697 ["If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."].)

First, Miller has not established the basic predicate for his prejudice argument, namely, that Judge Lehman was *unaware* that Miller withdrew from the plea agreement because of a mistake about whether he was eligible to serve the indicated sentence in jail rather than in prison. Judge Lehman presided over the December 8, 2011 probation revocation hearing, at which he expressly reviewed and discussed all of the previous minute orders in this case, including the minute order from the October 25, 2011 hearing before Judge Borunda at which Miller withdrew from the plea agreement. That minute order indicates that "defendant requests to withdraw his plea since the indicated sentence does not apply to him." Further, at the sentencing hearing Judge Lehman made it clear that he understood there had been a misunderstanding about whether Miller had a prior serious or violent felony that required him to serve his sentence in prison.

In addition, had defense counsel highlighted the fact that Miller withdrew from the plea agreement based on a mistake, it is entirely speculative whether Judge Lehman would have assigned any relevance to that fact. Miller must prove that prejudice is a "'demonstrable reality,' not simply speculation." (*People v. Williams* (1988) 44 Cal.3d 883, 937.) Miller points to no legal doctrine *requiring* Judge Lehman to have considered the withdrawn plea agreement when imposing sentence. Instead, defense counsel's argument to Judge Lehman would have been purely equitable, i.e., that it was *fair*, in light of the mistake that caused the withdrawal of the plea, to impose the 16-month sentence that was indicated in the withdrawn plea agreement. There is nothing in the

6

record to indicate that Judge Lehman would have been sympathetic to such an appeal to equity and fairness. On the contrary, Judge Lehman thoroughly explained his reasons for selecting the upper term sentence, which included Miller's unwillingness to admit to his addiction problem, Miller's lack of credibility when insisting that he did not know he was on probation at the time of the probation violation and Miller's lengthy criminal record. Judge Lehman also relied on the probation officer's recommendation of an upper term sentence based on several aggravating factors. In light of Judge Lehman's comments and the probation officer's recommendation, Miller has not established a reasonable probability that Judge Lehman would have decided on a different sentence had defense counsel focused Judge Lehman's attention on the facts surrounding Miller's withdrawal from the plea agreement. (See *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1265-1266 [defendant did not establish reasonable probability, in light of trial court's basis for sentencing decision, that the court would have imposed a lesser sentence if defense counsel had brought letters in mitigation to the court's attention].)

B.       *There Is No Legal Basis for Miller's Argument that We Should Reduce His Sentence Based on Concerns of Equity and Fairness*

Miller also contends that because he withdrew from the plea agreement premised on a mistake about whether he was eligible to serve the indicated sentence in jail rather than in prison, we should rely on principles of equity and fairness to reduce his sentence in this action to the 16-month sentence indicated in the plea agreement.

We reject Miller's argument because he has cited no authority — and we are aware of none — giving us the ability to reduce a trial court's legally imposed sentence on the

7

sole basis that it would be fair and equitable in our view to do so. The trial court has the discretion to select an upper term sentence based on its application of the appropriate aggravating factors. (*People v. Jones* (2009) 178 Cal.App.4th 853, 866.) We cannot substitute our views on the appropriate sentence for that of the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 355.) The trial court conducted a thorough and thoughtful analysis in arriving at an upper term sentence, and Miller has not shown that that trial court abused its discretion.

To the extent that Miller attempts to rely on cases requiring specific performance of a plea bargain, those cases do not apply here. (See *People v. Mancheno* (1982) 32 Cal.3d 855, 860-861 [depending on the circumstances, the proper remedy for a breach of a plea agreement is to allow a defendant to withdraw from the agreement or to order specific performance of the agreement, directed either to the prosecutor or the trial court].) Miller is not seeking specific performance of the plea agreement from which he withdrew. That plea agreement concerned Miller's guilt in case No. JCF27756, as well as indicating a sentence in the instant action, but Miller does not seek to reinstate any admission of guilt in case No. JCF27756. Instead, as we have explained, he asks us to reduce a legally imposed sentence in the instant action solely on the basis of fairness and equity, but he has identified no authority that would permit such a remedy.

DISPOSITION

The judgment is affirmed.

_____
IRION, J.

WE CONCUR:


_____
McCONNELL, P. J.


_____
HUFFMAN, J.

9