Filed 10/6/15  P. v. Gonzalez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC GONZALEZ, JR.,<br><br>    Defendant and Appellant. | B260440<br><br>(Los Angeles County<br>Super. Ct. No. MA055652) |

APPEAL from an order of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie C. Brenan and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Eric Gonzalez, Jr. (defendant) appeals from the order sentencing him to three years in county jail following revocation of his probation. His sole contention is that the trial court erred in basing its sentencing choice on defendant's poor performance on probation, which was a circumstance that did not exist at the time probation was granted. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A family argument led to defendant's arrest in March 2012. In May 2012, he pled no contest to felony resisting arrest (Pen. Code, § 69). According to a probation report dated May 10, 2012, defendant had been the subject of a sustained Welfare and Institutions Code section 602 petition in October 2010, based on his possession of a weapon at school. As an adult, he was convicted of misdemeanor gun possession in August 2011. He was on probation in that case when he was arrested for possession of a controlled substance in February 2012. Defendant was still on probation in the gun possession case and the drug case was still pending when he engaged in the conduct underlying his conviction in this case. The probation department recommended the high term based on aggravating circumstances that included the number and increasing seriousness of defendant's prior convictions and his unsatisfactory performance on probation. Notwithstanding the probation department's recommendation, the trial court suspended imposition of sentence and placed defendant on three year's probation.

According to a probation report dated December 19, 2012, defendant was in violation of several conditions of his probation. The report states: "It appears that the defendant is not taking the court's orders seriously and perhaps a suitable time in custody will be sufficient to alert the defendant that further non-compliance will not be tolerated." At a hearing in March 2013, defendant admitted violating probation. Finding defendant in violation of the conditions requiring him to report to his probation officer and to complete community labor and drug rehabilitation programs, the trial court revoked his probation. In exchange for a waiver of all "back-time" (i.e. pre-sentence custody credits),

2

the trial court reinstated defendant's probation on the same terms as before, including the community labor and drug rehabilitation program conditions.

After defendant failed to meet with his probation officer, a bench warrant was issued. At the probation violation hearing on September 15, 2014, the trial court observed that the original probation report indicated defendant was on probation at the time he committed the offense in this case and that defendant's prior unsatisfactory performance on probation in that case was among the listed aggravating factors. The matter was continued to October 6 and then to October 29, 2014, for a contested probation revocation hearing. At the hearing on October 6, the trial court noted that while on probation in this case, defendant was arrested for a weapons violation.

Following the hearing on October 29, 2014, the trial court revoked defendant's probation, finding defendant had been arrested on a new charge (a violation of the condition that he obey all laws), failed to report to his probation officer and failed to complete community labor and drug rehabilitation programs. The trial court explained it selected the 3-year high term because "there was a complete abysmal failure on probation in considering the fact he's been given the opportunity back in March of 2013 for another reinstatement . . . . He's absconded. He's picked up a new case. And he has not successfully completed probation in his own matters. [¶] So the high term is appropriate." Defendant timely appealed.

## DISCUSSION

A.    *Imposition of the High Term Was Not Error*

Defendant challenges the trial court's imposition of the three-year high term. He argues the trial court impermissibly based its sentencing choice on defendant's unsatisfactory performance on probation in this case, which violates California Rules of Court, rule 4.435(b) because it was a circumstance that did not exist at the time probation was initially granted.[1]  We disagree.

---

[1]    All future undesignated rule references are to the California Rules of Court.

We review a trial court's decision to impose a particular sentence for abuse of discretion. Even if the court has stated both proper and improper reasons for its choice, we will not set aside the sentence absent a showing it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper. (*People v. Jones* (2009) 178 Cal.App.4th 853, 860-861 (*Jones*).)

When a defendant violates probation, the sentencing judge may make any disposition of the case authorized by statute. (Rule 4.435(a).) If imposition of judgment was suspended at the time probation was originally granted, the sentencing court is statutorily authorized to impose "any time within the longest period for which the person might have been sentenced. . . ." (Pen. Code, § 1203.2, subd. (c).) An upper term sentence may be based on any aggravating circumstances the sentencing court deems significant, subject to certain restrictions. (*Jones*, *supra*, 178 Cal.App.4th at p. 867.) Relevant here is the prohibition that the length of a sentence imposed upon revocation of probation "must be based on circumstances existing at the time probation was *granted*, and subsequent events may not be considered in selecting the base term . . . ." (Rule 4.435(b)(1), italics added.) Generally, a sentencing judge may not consider post-probation conduct. (*People v. Colley* (1980) 113 Cal.App.3d 870.)

Rule 4.435(b)(1) does not limit the sentencing judge to considering circumstances that existed at the time probation was originally granted if probation was revoked and then reinstated. Under such circumstances, the sentencing judge at a subsequent revocation hearing " 'may take into account events occurring between the original grant and the reinstatement.' [Citation.] 'To hold otherwise would seriously impede a court's flexibility to deal effectively with the offender who, granted the "clemency and grace" of probation in the hopes of achieving rehabilitation [citation], proves unable to abide by the conditions of that liberty the first time out.' [Citation.]" (*People v. Black* (2009) 176 Cal.App.4th 145, 151, citing *People v. Harris* (1990) 226 Cal.App.3d 141.)

Here, the original probation report recommended the high term based on aggravating circumstances that included the number and increasing seriousness of defendant's prior convictions and his unsatisfactory performance on probation in prior

4

cases. Thus, defendant's unsatisfactory performance on probation was a circumstance that existed at the time probation was originally granted in May 2012. That the sentencing judge considered this circumstance can be inferred from her reference to these aggravating factors at the September 2014 hearing. Further, under *Black, supra*, and *Harris, supra*, the sentencing judge could properly consider defendant's poor performance on probation between the original grant of probation in May 2012 and the revocation and reinstatement of probation in March 2013. That the judge did so is demonstrated by her comment, "there was a complete abysmal failure on probation in considering the fact he's been given the opportunity back in March of 2013 for another reinstatement. . . ." Although perhaps inartfully stated, there is nothing in the trial court's statement that demonstrates the court only considered defendant's conduct after March 2013. Rather a fair reading of the record indicates the court took into account defendant's performance on probation prior to the conviction in the present case and lawfully considered defendant's performance between the May 2012 conviction and his probation reinstatement in March 2013. Assuming the sentencing judge also improperly considered events occurring after the March 2013 reinstatement of probation, defendant has not shown a reasonable probability that the court would have chosen a lesser sentence if it had known that was an improper reason to impose the upper term. (*Jones, supra*, 178 Cal.App.4th at pp. 860-861.)

## DISPOSITION

The judgment is affirmed.


                                                    RUBIN, ACTING P. J.
WE CONCUR:


        FLIER, J.


        GRIMES, J.

5