Filed 5/29/25  P. v. Garcia CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063406 |
| v. | (Super. Ct. No. 13WF0628) |
| CHUNCEY TARAE GARCIA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Sharon

L. Rhodes and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

*    *    *

Chuncey Tarae Garcia was convicted of human trafficking of a minor and pimping a minor under the age of 16. Garcia admitted two prior prison allegations. The trial court sentenced Garcia to 15 years to life for the human trafficking conviction, one year for each of the two prison priors, and imposed but stayed the sentence for the pimping conviction.

Garcia later applied for resentencing pursuant to Penal Code[1] section 1172.75, which invalidated most prison priors. Garcia also requested the trial court stay the longer sentence for the human trafficking conviction, pursuant to section 654, which had been amended since Garcia's conviction to allow the sentencing court discretion to determine which of several sentences to impose. The court dismissed the two prison priors but declined Garcia's request to stay the human trafficking conviction.

On appeal, Garcia contends the trial court abused its discretion because it failed to properly consider his postconviction rehabilitation. We conclude the trial court did not abuse its discretion and affirm the postjudgment order.

FACTS

A jury convicted Garcia of human trafficking of a minor (§ 236.1, subd. (c)(2); count 1) and pimping a minor under the age of 16 (§ 266h, subd. (b)(2); count 2). The jury found true the allegation that the human trafficking was committed by force or fear (§ 236.1, subd. (c)(2)). Garcia admitted two

---

[1]  All further statutory references are to the Penal Code.

2

prior prison allegations (§ 667.5, subd. (b)). The trial court sentenced Garcia to a total term of 17 years to life, consisting of 15 years to life on count 1 and one year for each of the two prison priors. The court imposed but then stayed the sentence on count 2.

Garcia later applied for resentencing pursuant to section 1172.75. Garcia also requested the trial court resentence him to the upper term of 8 years as to count 2 and exercise its discretion under section 654 to stay the 15 years to life sentence on count 1. In support of his petition, Garcia submitted substantial evidence of his postconviction rehabilitation, including letters of support, educational, behavioral, and vocational class certificates, and an apology letter to the victim. The prosecution asked the court to impose the original sentence of 15 years to life on count 1 based on the severity of the crime.

The trial court dismissed Garcia's two prison priors imposed under section 667.5, subdivision (b), imposed an indeterminate term of 15 years to life on count 1, and imposed but stayed the 6 year determinate sentence on count 2, pursuant to section 654. The trial court declined Garcia's request to stay sentence on count 1 as follows:

"Based on the finding of the force and violence that was involved and the age of the victim and based on all that, and I heard the trial, . . . I believe that the sentence on Count 1 is the appropriate sentence. I understand that I have discretion to sentence on count 2 rather than Count 1, but I'm going to choose Count 1 as the appropriate sentence in this case."

DISCUSSION

I.

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DECLINING GARCIA'S
REQUEST TO STAY HIS SENTENCE ON COUNT 1

Garcia argues the trial court erred in denying his request to stay the sentence on count 1 pursuant to section 654. He further argues the court failed to properly evaluate his record of postconviction rehabilitation. We conclude his contentions lack merit.

*A. Legal Standard*

Effective January 1, 2022, the Legislature amended section 1172.75 to invalidate certain prior prison term enhancements. (§ 1172.75, subd. (a); Stats. 2022, ch. 58, § 12 (.) Section 1172.75, subdivision (c) requires a trial court to recall a defendant's sentence "[i]f the court determines that the current judgment includes" an invalid prison prior.

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

"The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) Additionally, "[t]he court shall apply the sentencing rules of the Judicial

4

Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Effective January 1, 2022, the Legislature amended section 654, subdivision (a), to provide that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (Stats 2021, ch. 441, § 1.) Section 654 previously "required an act or omission punishable in different ways by different laws to be punished under the law that provided for the longest potential term of imprisonment," and for the court to stay execution of the other term. (*People v. Mani* (2022) 74 Cal.App.5th 343, 351.) Accordingly, a trial court now has "discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*Id.* at p. 379.)

B. *Standard of Review*

"A trial court's decision to impose a particular sentence is reviewed for abuse of discretion and will not be disturbed on appeal 'unless its decision is so irrational or arbitrary that no reasonable person could agree with it.'" (*People v. Jones* (2009) 178 Cal.App.4th 853, 860–861.) ""[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to

impose a particular sentence will not be set aside on review.'"'" (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

*C. Analysis*

Garcia has not met his burden to demonstrate the court's sentencing decision was irrational or arbitrary. In declining to stay the 15 years to life sentence on count 1, the trial court noted various extenuating factors which supported imposing the longer sentence: the jury found true the allegation the human trafficking was committed by force or fear and the victim was a minor under the age of 16. Additionally, because the resentencing judge had presided over Garcia's jury trial, the court reasonably determined that the longer sentence for human trafficking was appropriate based on the evidence adduced at trial. The court explicitly stated it was aware it had discretion under section 654 to stay the longer sentence but concluded it would not exercise that discretion. On these facts, we cannot say the court abused its discretion in declining to stay the sentence on count 1.

Garcia also argues the trial court erred in failing to adequately consider his positive postconviction programming while in prison. Although a court can consider postconviction factors when assessing future dangerousness or determining whether continued incarceration is no longer in the interest of justice, such an inquiry is not mandatory. (§ 1172.75, subd. (d)(3), italics added ["The court *may* consider postconviction factors"].) Accordingly, we conclude the trial court did not abuse its discretion in failing to directly assess these discretionary factors or in declining to stay the sentence on count 1.

DISPOSITION

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.