Filed 10/15/14  P. v. Negrette CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID MICHAEL NEGRETTE,<br><br>    Defendant and Appellant. | 2d Crim. No. B248706<br>(Super. Ct. No. 1387246)<br>(Santa Barbara County) |

David Michael Negrette appeals his aggregate 18-year prison sentence. Pursuant to a plea agreement he pled no contest to second degree robbery (Pen. Code, § 211),[1] first degree burglary (§ 459), unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), evading an officer (Veh. Code, § 2800.2, subd. (a)), and second degree robbery (Pen. Code, § 211).  We conclude, among other things, that:  1) Negrette may appeal a sentence based on a negotiated plea agreement containing a maximum sentence "lid," and 2) the trial court did not abuse its discretion by imposing an aggregate 18-year sentence.  We affirm.

## FACTS

On May 23, 2011, Negrette entered a bank and handed a teller a note stating, "No bait.  No mistakes.  This is a holdup.  Money please."  The teller gave him more than $3,000.

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

On June 9, 2011, Negrette went back to the bank, approached a teller and said, "Give me all your money fast." The teller "opened her cash drawers" and pulled out money. Negrette left the bank with $2,292.

Georgia Young owned a 2001 Toyota Avalon which was parked in the garage of her residence. On the evening of June 9, she told a police officer that someone had "stolen" that vehicle.

A sheriff's deputy saw Negrette driving the stolen car. The deputy activated his lights and siren and pursued him.

Negrette fled. He reached speeds "in excess of 120 miles an hour." The car Negrette drove went off the freeway "and crashed into a ditch." The deputy approached Negrette, "drew" his "side arm," and ordered him to stop. Negrette ran to a chain link fence. He then "put his hands up and went onto the ground." He was taken into custody.

Negrette entered into a negotiated plea agreement. He pled no contest to second degree robbery (count 1), first degree burglary (count 2), unlawful taking of a vehicle (count 4), evading an officer (count 5), and second degree robbery for the May 23rd offense (count 6). Count 3, which alleged theft from an elder or dependent adult (§ 368, subd. (a)), was dismissed on the People's motion. Negrette admitted one prior strike conviction and three other prior convictions for which he had served terms within the meaning of section 667, subdivision (b).

The plea agreement provided for a maximum sentence "lid" of 21 years. The trial court ruled the lid was appropriate. It advised Negrette that "he will not be sentenced to serve a term in state prison in excess of 21 years." The court denied Negrette's request to strike his 1991 prior serious felony strike conviction. (§ 261, subd. (a)(2).)

The probation department recommended an aggregate sentence of 35 years 4 months in a report filed before the plea agreement. In calculating that proposed sentence, the probation officer added three section 667, subdivision (a)(1) five-year prior serious felony conviction enhancements. In his report he said: "Enhancements:

667(a)(1) PC (5 years x 3) 15 years."  That computation increased the sentence by 15 years.

At the sentencing hearing, the trial court mentioned the 35 year 4 month sentence the probation department recommended.  It said the probation report sentencing calculations included three section 667, subdivision (a) enhancements.  Negrette's counsel said, "I don't think you multiply that three times."  The court wanted to know the precise sentencing calculations necessary to reach a sentence within the 21-year lid.  It said, "[I]n order to get to--I'm going to say 20 years, 21 years . . . I need to strike that enhancement, correct?"  Defense counsel:  "Yes."

The trial court said it was seeking a sentence "appropriate" for the nature of Negrette's offenses and his individual history and circumstances.  It ultimately imposed an aggregate 18-year sentence.

Applying the section 1170.1 sentencing procedure, it used count 1 as the principal term and the other counts as consecutive subordinate terms as follows:  Count 1--six years, count 2--two years eight months, count 4--one year four months, count 5--one year four months, and count 6--two years.  It added a consecutive five years for a section 667, subdivision (a) enhancement and a consecutive one year for a section 667.5, subdivision (b) enhancement.  The result was an aggregate 19 year 4 month sentence. Negrette subsequently requested the trial court to "recall [the] sentence [for] resentencing."  The court granted the request.  It ruled the sentence on count 4 should be stayed pursuant to section 654.  It resentenced Negrette to an aggregate "18-year term."

DISCUSSION

*Sentencing*

Negrette contends the trial court erred by imposing the 18-year sentence. He requests the sentence be vacated and the matter be remanded for resentencing.

*May Appellant Challenge the Sentence on Appeal?*

The People contend Negrette is "estopped" from challenging the sentence because it was part of a negotiated plea agreement.  They note the 18-year sentence the

3

trial court imposed fell below the agreed upon 21-year maximum "lid." They claim the appeal must be dismissed. We disagree.

There are limitations on the right to challenge certain negotiated plea agreements. But this one does not fall within that category. "Negotiated plea agreements may include a sentence 'lid,' which constrains the maximum sentence a trial court may impose but is less than the maximum exposure the defendant would otherwise face absent the agreed-upon lid." (*People v. Cuevas* (2008) 44 Cal.4th 374, 376.)

Here the parties agreed to a "maximum" sentence lid of 21 years, but they did not specify a "*specific* or *recommended* sentence." (*People v. Buttram* (2003) 30 Cal.4th 773, 785.) "By agreeing only to a maximum sentence, the parties leave unresolved between themselves the appropriate sentence within the maximum." (*Ibid.*) Consequently, the trial court had discretion to select a sentence within that lid. Its exercise of discretion and the sentence it imposed within that lid are reviewable on appeal. (*Id*. at pp. 785-786.)

*Abuse of Discretion*

Negrette contends the trial court did not properly exercise its discretion by imposing an 18-year sentence. He argues the sentence must be vacated because the court relied on an incorrect maximum sentence listed in the probation report to reach the 18-year aggregate term.

The probation report listed the "Aggregate Determinate Term" for Negrette's convictions to be 35 years 4 months. It recommended that the trial court impose that sentence. Negrette and the People note the probation department erred in calculating this aggregate sentence. The probation officer added three section 667, subdivision (a) five-year enhancements in calculating this maximum term. The parties agree: 1) this enhancement may only be applied once (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1163-1164 ["only one section 667, subdivision (a) enhancement should have been imposed in connection with the aggregate sentence"]), and 2) the correct maximum should have been 25 years 4 months.

4

During sentencing, the trial court mentioned the 35 year 4 month term in the probation report. But Negrette has not shown that it abused its discretion by imposing an 18-year sentence.

"A trial court's decision to impose a particular sentence is reviewed for abuse of discretion and will not be disturbed on appeal 'unless its decision is so irrational or arbitrary that no reasonable person could agree with it.'" (*People v. Jones* (2009) 178 Cal.App.4th 853, 860.)

Showing the trial court made an error in considering a factor in sentencing is not, by itself, a sufficient ground for reversal. "Even if a trial court has stated both proper and improper reasons for a sentence choice, 'a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper.'" (*People v. Jones*, *supra*, 178 Cal.App.4th at p. 861.)

Negrette does not challenge the calculations the trial court said it used to arrive at the 18-year sentence. Instead, he contends the court could not properly exercise its discretion because it did not know the correct maximum sentence was only 25 years 4 months.

But in this case, the maximum was the 21-year lid in the negotiated plea agreement. The trial court knew the lid "constrains the maximum sentence" to 21 years, not 35 or 25 years. (*People v. Cuevas*, *supra*, 44 Cal.4th at p. 376.) Consequently, the issue is "the appropriate sentence within the maximum" lid. (*People v. Buttram*, *supra*, 30 Cal.4th at p. 785.) This was not a case where the parties agreed to a lid, but the trial court felt it was unreasonably low for the offenses. Here the court said that "21 years seemed appropriate to me."

Negrette suggests the trial court was influenced to impose a higher sentence because of the probation department's recommendation for a 35 year 4 month sentence. But he has not made a sufficient showing from the record to support this claim. We may not reverse based on speculation. (*People v. Price* (1991) 1 Cal.4th 324, 492.)

5

The trial court knew the probation department made its sentencing recommendation before the plea agreement was filed. Moreover, had the court believed a 35-year sentence would be appropriate absent the lid, it would have imposed the maximum 21-year lid as the sentence. Had it believed a 25-year sentence was appropriate, it would have reached the same result. But it imposed a sentence that was three years *less than the lid*.

The prosecutor said that without the lid he would have felt a 35-year sentence was appropriate. But Negrette has not shown the trial court ever indicated that it agreed with the prosecutor. Instead, the trial court rejected the prosecutor's assessment of Negrette. It said, "I don't see Mr. Negrette as the monster that [the prosecutor] has described . . . ."

Negrette suggests the trial court could not have known the probation report was incorrect. But Negrette's trial counsel called the court's attention to the erroneous use of three section 667, subdivision (a) enhancements. That is what caused the error in the probation report. In calculating the 18-year sentence, the trial court correctly used only one section 667, subdivision (a) enhancement. It consequently was aware of counsel's point and it elected not to use the mistaken calculation in the probation report.

The People contend "there is no evidence that the trial court merely took a percentage from the probation officer's incorrect calculation or even used it as a guidepost in reaching the sentence . . . ." They claim Negrette has not considered the court's reasons for the sentence it selected. We agree.

The trial court knew it had the authority to impose a sentence independent from the one the probation department proposed. It applied its own calculations of the principal and subordinate terms that differed from the ones recommended in the probation report. It used a shorter principal term than the one proposed in the report. It discussed its sentencing goal and said it considered individual sentencing factors to reach the ultimate sentence. The court said, "I have a responsibility of imposing a sentence prescribed by law, *consistent with what I think is an appropriate sentence dealing with the circumstances of these offenses.*" (Italics added.) It said it considered "the factors

6

that have contributed to [Negrette's] continuing criminal conduct" which his counsel had highlighted. Based on those mitigating factors, it decided "to impose a sentence of less than 21 years." Consequently, it adjusted the sentence to be commensurate with the nature of Negrette's crimes and his individual circumstances.

Negrette has not shown the trial court was motivated by factors other than the ones it said it relied on. (*People v. Granado* (1994) 22 Cal.App.4th 194, 203.) He has not met his burden to demonstrate an abuse of discretion. (*People v. Jones*, *supra*, 178 Cal.App.4th at p. 861.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

7

George C. Eskin, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee, Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.