Filed 9/21/21  P. v. Torres CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AARON MATTHEW TORRES,<br><br>Defendant and Appellant. | F079097<br><br>(Super. Ct. Nos. 18CR-01859, 17CR-00513, 17CR-04021, 17CR-03977)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Defendant Aaron Matthew Torres appeals from the judgments in Merced County Superior Court cases Nos. 18CR-01859 (case A), 17CR-00513 (case B), 17CR-04021 (case C), and 17CR-03977 (case D).[1]  In case A, defendant claims he did not knowingly and voluntarily waive his right to a jury trial on the prior conviction allegations, and he was not advised of the penal consequences.  He also requests that we strike the two 1-year prior prison term enhancements imposed under Penal Code section 667.5, former subdivision (b),[2] in light of Senate Bill No. 136.[3]  Finally, in all cases, he challenges imposition of the restitution fines and court assessments without an ability-to-pay determination, pursuant to the Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

The People concede that defendant is due relief from the prior prison term enhancements under Senate Bill No. 136, but they otherwise dispute his claims.

We reject defendant's challenge to his trial waivers and admissions to the prior conviction allegations, and we conclude that he forfeited his *Dueñas* claim by failing to object in the trial court.  However, defendant is entitled to have the two prior prison term enhancements stricken, which reduces his aggregate sentence by two years, and we modify the judgment to so reflect.  Except as modified, the judgments in case A, case B, case C, and case D are affirmed.

---

[1]     This court granted defendant's motion to construe the notice of appeal in case A to be notices of appeal in case B, case C, and case D.

[2]     All further statutory references are to the Penal Code unless otherwise stated.

[3]     As addressed in part III. of the Discussion, section 667.5, subdivision (b), was amended effective January 1, 2020, to limit the convictions upon which a prior prison term enhancement may be based.  (Stats. 2019, ch. 590, § 1, pp. 1–4 (Senate Bill No. 136).)

**PROCEDURAL HISTORY**

### I. Cases B, C, and D

In case B, defendant was charged with felony possession of a cane sword, in violation of section 20510, with three attached prior prison term enhancement allegations. (§ 667.5, former subd. (b).) On March 28, 2017, defendant, proceeding in pro. per., pled no contest to the charged offense and the trial court imposed 36 months of formal probation with six months in jail.[4]

Subsequently, defendant was charged in case C with assault with a deadly weapon, in violation of section 245, subdivision (a)(1), with two attached prior prison term enhancement allegations, and in case D with felony carrying a dirk or dagger, in violation of section 21310.

On October 4, 2017, after the commencement of jury trial in case C, a plea agreement was reached. In case C, defendant pled guilty to assault with a deadly weapon and admitted the two prior prison term enhancements; in case D, he pled guilty to carrying a dirk or dagger; and in case B, he admitted he violated probation.[5] In case C, the trial court imposed the upper term of four years for assault, with an additional two years for the prior prison term enhancements, and in case B and case D, the court imposed consecutive eight-month terms (one-third of the middle term). (§ 1170.1, subd. (a).) The court suspended execution of the sentence and placed defendant on formal probation for five years.

### II. Case A

In April 2018, the Los Banos Police Department received two calls for service on the same day for a residential burglary alarm. Officers did not locate anyone the first

---

[4] The minute order indicates the prior prison term enhancements were stricken.

[5] Defendant also admitted he violated probation in Merced Superior Court case No. 15CR-04700, which is not before us on appeal.

3.

time, but the second time, they found defendant inside the house with a knife in his pants pocket.[6]

Defendant was arrested and subsequently charged by information with first degree burglary (§§ 459/460, subd. (a); count 1) and carrying a dirk or dagger (§ 21310; count 2). The information also alleged two prior prison term enhancements and one prior serious or violent felony conviction within the meaning of the Three Strikes law, based on defendant's assault conviction in case C. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

Case A proceeded to trial and at the close of the prosecution's case-in-chief, the trial court granted defendant's section 1118.1 motion for acquittal on count 2. The jury thereafter convicted defendant on count 1 and in a bifurcated proceeding, he admitted he suffered a prior strike conviction and was convicted of the felonies underlying the two prior prison term enhancements.

Defendant was sentenced to an aggregate term of 16 years 4 months, as follows. In case A, the trial court imposed the upper term of six years for burglary, doubled to 12 years for the prior strike conviction. In cases B, C, and D, the court found defendant violated probation and ordered execution of the previously imposed consecutive sentences, modifying the sentence in case C to one year (one-third of the middle term).[7] Finally, the court imposed two years for the two 1-year prior prison term enhancements.[8]

---

[6]    The underlying facts are not relevant to the issues raised on appeal and, therefore, we need not summarize them in any further detail.

[7]    Section 1170.1, subdivision (a); *People v. Baker* (2002) 144 Cal.App.4th 1320, 1328–1329 ("[W]hen a defendant is sentenced consecutively for multiple convictions occurring in different proceedings, the second court designates the longest term as the principal term, and any other consecutive term is considered a subordinate term, for which the sentence can be no more than one-third the midterm for the offense. [Citations.] While imposing the current, consecutive sentence, the second court is empowered to modify a sentence previously imposed by a different court and make it subordinate to the later-imposed term.").

[8]    *People v. Williams* (2004) 34 Cal.4th 397, 402-403 (§ 667.5 enhancement added once to aggregate determinate sentence).

4.

Defendant filed a timely notice of appeal.

## DISCUSSION

### I.       Admission of Prior Conviction Allegations

#### A.       Procedural Background

After the jury was instructed in case A and retired to deliberate, the trial court inquired whether defendant wanted to waive a jury trial on the prior conviction allegations or wait to make the decision. Defense counsel responded, "We're not going to want the jury to decide."

The jury then returned the verdict and the trial court asked if defendant wanted a jury trial or a court trial on the prior conviction allegations. Defense counsel waived a jury trial and defendant stated he agreed. The court asked if defendant understood the court, and not a jury, would decide whether he suffered those prior convictions, but that defendant would have the right to present evidence, including witnesses. Defendant answered yes. The court found a valid waiver of defendant's right to a jury trial on the prior conviction allegations and discharged the jury.

Subsequently, defense counsel informed the court that defendant was waiving his right to a court trial on the prior conviction allegations. The court inquired whether defendant understood he had a right to a court trial on the allegations, a right to question any witnesses against him, a right to present his own evidence, and a right to remain silent and avoid self-incrimination. Defendant stated he understood he was giving up those rights. He admitted that he suffered a prior serious or violent felony conviction for violating section 245 (case C), and that he was convicted of two felony violations of Vehicle Code section 10851 and one violation of former section 12021.

On appeal, defendant claims that in taking his waiver of his right to a jury trial on the prior conviction allegations, the court failed to solicit a personal waiver of his right against self-incrimination, his right to a trial by jury and his right to confront his accusers, and in taking his waiver of a court trial and his admissions to the prior convictions, the

5.

court failed to fully advise him of the penal consequences of his admission. He also claims he was affirmatively misadvised by trial counsel.

The People contend that defendant waived his right to a jury trial on the prior conviction allegations and his admissions were knowing and voluntary. They concede the trial court failed to advise defendant of the penal consequences of his admissions, but they contend the error was harmless.

As addressed in part III. of the Discussion, defendant is entitled to have the two prior prison term enhancements stricken pursuant to Senate Bill No. 136. This renders any challenge to the admission of the prior prison term enhancements moot, and we confine our focus to the admission in case A of his prior strike conviction incurred in case C. For the reasons set forth below, we conclude that defendant forfeited any challenge to his waiver of his right to a jury trial, his waiver of his right to a court trial was knowing and voluntary, and he forfeited his claim that the trial court failed to advise him of the penal consequences of his admission by failing to object.

## B. Legal Principles

Under California law, "[a] defendant … [has] a statutory right to a jury trial on 'the question of whether or not the defendant has suffered the prior conviction'—though not 'whether the defendant is the person who has suffered the prior conviction.'" (*People v. Gallardo* (2017) 4 Cal.5th 120, 125, quoting § 1025, subds. (b) & (c); accord, *People v. Epps* (2001) 25 Cal.4th 19, 29.) However, "the deprivation of the statutory right to jury trial on the prior [conviction] allegations does not implicate the state or federal constitutional right to jury trial. Absent an objection to the discharge of the jury or commencement of court trial, [the] defendant is precluded from asserting on appeal a claim of ineffectual waiver of the statutory right to jury trial of prior [conviction] allegations." (*People v. Vera* (1997) 15 Cal.4th 269, 278, overruled in part on other grounds by *People v. French* (2008) 43 Cal.4th 36, 47, fn. 3 (*French*); accord, *People v.*

6.

*Grimes* (2016) 1 Cal.5th 698, 738; see *People v. Gallardo*, *supra*, at p. 127; *People v. Cross* (2015) 61 Cal.4th 164, 172 (*Cross*).)

Moreover, "[t]he requirement of an express waiver applies to the constitutional right to a jury trial, but not to jury trial rights that are established only by statute." (*French*, *supra*, 43 Cal.4th at p. 46.) Thus, the limited statutory right to a jury on the fact of a prior conviction can be waived by a failure to object, and, a fortiori, by counsel's express waiver. (*People v. Saunders* (1993) 5 Cal.4th 580, 589, fn. 5; *French*, *supra*, at p. 46; *People v. Thomas* (2001) 91 Cal.App.4th 212, 223.)

With respect to defendant's admission, "[w]hen a criminal defendant enters a guilty plea, the trial court is required to ensure that the plea is knowing and voluntary." (*Cross*, *supra*, 61 Cal.4th at p. 170, citing *Boykin v. Alabama* (1969) 395 U.S. 238, 243–244 (*Boykin*).) "As a prophylactic measure, the court must inform the defendant of three constitutional rights—the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers—and solicit a personal waiver of each." (*Cross*, *supra*, at p. 170, citing *Boykin*, *supra*, at pp. 243–244, *People v. Howard* (1992) 1 Cal.4th 1132, 1179 (*Howard*) & *In re Tahl* (1969) 1 Cal.3d 122, 130–133.) "Proper advisement and waiver of these rights, conducted with 'the utmost solicitude of which courts are capable,' are necessary 'to make sure [the accused] has a full understanding of what the plea connotes and of its consequence.'" (*Cross*, *supra*, at p. 170, quoting *Boykin*, *supra*, at pp. 243–244.) "[T]he same requirements of advisement and waiver apply when a defendant admits the truth of a prior conviction allegation that subjects him to increased punishment." (*Cross*, *supra*, at p. 170, citing *In re Yurko* (1974) 10 Cal.3d 857, 863.) The error is not reversible per se, however (*Cross*, *supra*, at p. 171), and "a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances" (*Howard*, *supra*, at p. 1175; accord, *People v. Mosby* (2004) 33 Cal.4th 353, 361–362 (*Mosby*) [discussing no advisement or waiver and incomplete advisement or waiver]). "[T]he *Howard* totality of the

circumstances test applies in *all* circumstances where the court fails, either partially or completely, to advise and take waivers of the defendant's trial rights .…" (*People v. Farwell* (2018) 5 Cal.5th 295, 303.)

Furthermore, "'[a] defendant who admits a prior criminal conviction must first be advised of the increased sentence that might be imposed. [Citations.] However, unlike the admonition required for a waiver of constitutional rights, advisement of the penal consequences of admitting a prior conviction is not constitutionally mandated. Rather, it is a judicially declared rule of criminal procedure. [Citations.] Consequently, when the only error is a failure to advise of the penal consequences, the error is waived if not raised at or before sentencing.'" (*People v. Jones* (2009) 178 Cal.App.4th 853, 858, quoting *People v. Wrice* (1995) 38 Cal.App.4th 767, 770–771; accord, *Cross*, *supra*, 61 Cal.4th at pp. 170–171; *In re Yurko*, *supra*, 10 Cal.3d at p. 865.)

### C. Analysis

#### 1. Waiver of Right to Jury Trial

Here, no objections were advanced during the relevant proceedings. To the contrary, after the jury left to begin deliberating, defense counsel indicated defendant intended to waive a jury trial on the prior conviction allegations. After the jury returned the verdict and prior to its discharge, defense counsel expressly waived a jury trial on the prior conviction allegations and defendant affirmatively agreed to the waiver. The trial court informed defendant he would still have the right to present his own evidence and witnesses, and defendant stated he understood. The trial court then discharged the jury and set the matter for a court trial.

Nothing further was required (*French*, *supra*, 43 Cal.4th at pp. 46–47), and in the absence of an objection, defendant forfeited any appellate challenge to his waiver of a jury trial on the prior conviction allegations (*People v. Grimes*, *supra*, 1 Cal.5th at p. 738).

### 2.    Waiver of Court Trial and Advisement of Constitutional Rights

Two weeks later, at the hearing set for the court trial on the prior conviction allegations, defense counsel stated that defendant was willing to admit the allegations. The trial court asked defendant if he was willing to admit he had a prior serious or violent felony conviction for violating section 245, and asked if understood he had a right to a court trial on the allegation, a right to question any witnesses against him, a right to present his own "witnesses evidence," and a right to remain silent and not incriminate himself. Defendant stated he understood he was giving up these rights.

Viewed in context, defendant's waiver of a court trial and admission to the prior conviction allegation came shortly after defendant was convicted of burglary following a jury trial in which witnesses testified against him and were cross-examined by his counsel, and in which he invoked his right against self-incrimination and elected not to testify. (*Mosby*, *supra*, 33 Cal.4th at p. 364; cf. *Cross*, *supra*, 61 Cal.4th at p. 180 [reversal required under totality of the circumstances test where defense counsel stipulated to the defendant's felony conviction during the prosecutor's examination of its first witness, the trial court failed to advise the defendant, and the record contained no information regarding how the prior conviction was obtained].) In addition, defendant, who is in his 40's, not only had a lengthy criminal record dating back to his teenage years, but he pled guilty to the prior strike conviction in case C only one year earlier and, at that time, received advisement of his constitutional rights and the penal consequence of the strike offense. (*Mosby*, *supra*, at p. 365.)

This record does not support defendant's claim that he was affirmatively misled by trial counsel, and we reject his claim that the advisement of his constitutional rights was deficient. Consideration of the totality of the circumstance bears out that defendant's waiver of a court trial and admission to the prior conviction allegation were knowing and voluntary. (*People v. Farwell*, *supra*, 5 Cal.5th at pp. 303–304.)

9.

### 3. Advisement of Penal Consequences

This leaves only a claim of error with respect to the penal consequences of defendant's admission. The People concede the lack of advisement. However, defendant did not advance any objection and, therefore, he forfeited this claim. (*People v. Jones*, *supra*, 178 Cal.App.4th at p. 858.) Nevertheless, we also observe that the record supports a finding that defendant was aware of the consequences of his admission. (*Cross*, *supra*, 61 Cal.4th at p. 179.)

When the trial court accepted defendant's guilty plea to the assault charge in case C, which occurred only one year before the admission, the court stated, "Before we conclude this, I'm advising you that is a strike. What is called a serious or violent felony. Okay? [¶] It means it doubles any sentence for any other felony in the future. It doubles it. If you get a second serious or violent felony and then get a third one, again, serious or violent felony, it is a mandatory minimum of 25 years to life. [¶] Do you understand that?" Defendant, who was represented by the same attorney who represented him in case A, answered in the affirmative and entered his plea of guilty to the assault charge.

Further, in case A, defendant was on notice of the prior strike conviction allegation vis-à-vis the information, and the record expressly reflects an exchange in defendant's presence relating to the fact that he had only one strike and, therefore, faced a maximum sentence of 14 years rather than 25 years to life.[9] Thereafter, during sentencing, defendant made a statement and he neither objected then nor objected when the court stated his sentence was doubled from six years to 12 years under the first enhancement (the prior strike conviction).

On these grounds, we conclude no reversible error occurred.

---

[9] Twelve years plus an additional two years for the prior prison term enhancements.

## II.    *Dueñas* Claim

Next, in accordance with the decision in *Dueñas*, defendant challenges the imposition of restitution fines of $4,200 in case A, $300 in case B, $300 in case C, and $300 in case D without a determination of his ability to pay.  (§ 1202.4, subd. (b).)  He also challenges imposition of total court operations assessments of $160 under section 1465.8 and total court facilities assessments of $120 under Government Code section 70373.  The parties disagree whether defendant forfeited his claim by failing to object.

The failure to object in the trial court generally forfeits a claim on appeal and this principle is applicable to constitutional claims.  (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.)  "'[D]iscretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.'"  (*In re Sheena K.*, *supra*, at pp. 887–888, fn. 7.)

In this case, defendant was sentenced on February 19, 2019, six weeks after the decision in *Dueñas*.  Thus, defendant had the benefit of the *Dueñas* decision *and* an independent statutory right to object to the above-the-minimum restitution fine of $4,200 imposed in case A.  (§§ 1202.4, subds. (c), (d); 1202.44, 1202.45, subd. (a).)  Defendant did not object.  Therefore, his *Dueñas* claim is forfeited and we decline his request to exercise our inherent discretion to excuse forfeiture.  (*In re Sheena K.*, *supra*, 40 Cal.4th at pp. 880–881; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033–1035; *People v. Taylor* (2019) 43 Cal.App.5th 390, 399–400; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)

Defendant also contends that we should reach the issue because the court's sentence was unauthorized.  We are unpersuaded.  The California Supreme Court rejected this argument in *People v. Avila*, which involved imposition of a $10,000 restitution fine, explaining, "Had [the] defendant brought his argument to the court's attention, it could have exercised its discretion and considered [the] defendant's ability to pay, along with

other relevant factors, in ascertaining the fine amount.  Under the … statute, … a fine in any amount greater than the statutory minimum, and up to $10,000, is subject to the court's discretion.  (§ 1202.4, subds. (b)(1), (d).)  Moreover, … a defendant bears the burden of demonstrating his inability to pay, and express findings by the court as to the factors bearing on the amount of the fine are not required."  (*People v. Avila* (2009) 46 Cal.4th 680, 729.)

### III.    Senate Bill No. 136

Finally, pursuant to section 667.5, subdivision (a), and subject to an exception not relevant here, trial courts are required to impose a three-year sentence for each prior, separate prison term served by the defendant for a violent felony where the current offense is also a violent felony, as defined in subdivision (c) of the statute.  For other felonies, pursuant to former subdivision (b), and subject to exceptions not relevant here, trial courts are required to impose an additional one-year term for each prior, separate prison term or county jail felony term.  As amended by Senate Bill No. 136, subdivision (b) of section 667.5 limits imposition of the additional one-year term to each prior, separate prison term served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

The parties agree, as do we, that Senate Bill No. 136 is retroactive under the rule articulated in *In re Estrada* (1965) 63 Cal.2d 740, 748 and that defendant's prior felony convictions for driving or taking a vehicle under Vehicle Code section 10851 and narcotics possession under former section 12021 do not support enhancements under section 667.5, subdivision (b), as amended.  Accordingly, we order the two 1-year prior prison term enhancements stricken, which reduces defendant's aggregate sentence from 16 years 4 months to 14 years 4 months.[10]

---

[10]    Remand for resentencing is not required given that the trial court imposed the upper term in case A.  (*People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.)

12.

**DISPOSITION**

The judgment is modified to reflect that the two 1-year prior prison term enhancements imposed under section 667.5, former subdivision (b), are stricken, reducing defendant's aggregate sentence from 16 years 4 months to 14 years 4 months. The trial court shall issue an amended abstract of judgment reflecting this modification and forward it to the appropriate authorities. Except as modified, the judgments in cases Nos. A, B, C, and D are affirmed.

MEEHAN, J.

WE CONCUR:


FRANSON, Acting P. J.


DeSANTOS, J.

13.