Filed 1/7/25  P. v. Norman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083009 |
| v. | (Super.Ct.No. FWV18000674) |
| NORVELL NORMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John Nho Trong Nguyen, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant and appellant Norvell Norman was convicted by a jury of multiple offenses arising out of an incident in which he placed a woman in a chokehold, threatened her with a gun, and attempted to commit a sexual act on her against her will. (*People v. Norman* (Sept. 9, 2022) E076318 [nonpub. opin.].) The verdict included a conviction for one count of assault with intent to commit forcible rape and one count of attempted forcible rape. In defendant's first appeal, this court: (1) determined that attempted forcible rape was a lesser included offense of assault with intent to commit forcible rape; (2) reversed defendant's conviction for attempted forcible rape; and (3) remanded the matter for a full resentencing as to the remaining offenses for which defendant was convicted. (*People v. Norman*, E076318.)

The trial court resentenced defendant to a term of 17 years in state prison. Defendant again appeals, arguing that the trial court erred by failing to conduct a full resentencing. Specifically, defendant contends the trial court erred by: (1) attempting to simply recreate the prior sentence to the extent it was able; (2) failing to state reasons for its discretionary sentencing choices on the record; (3) failing to require the probation department to update its recommendations at the time of resentencing; and (4) failing to consider the potential ameliorative effect of amendments to sections 1385, 654, and 1170, subdivision (b). We conclude that each of these arguments has been forfeited for failure to raise any objections at the time of resentencing and further conclude that, even absent forfeiture, the record is inadequate to show the trial court abused its discretion at the time of resentencing.

## II.  BACKGROUND

### A.  *Procedural History*[1]

Defendant was convicted by a jury of assault with intent to commit forcible rape (§ 220, subd. (a)(1); count 1); attempted forcible rape (§§ 664, 261, subd. (a); count 2); making criminal threats (§ 422; count 3); false imprisonment by violence (§ 236; count 4); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 5); assault with a firearm (§ 245, subd. (a)(2); count 6); and unlawful possession of a firearm (§ 29800, subd. (a)(1); count 7).  The jury also found true special allegations that defendant personally used a firearm in the commission of counts 1, 2, and 6 (§ 12022.53, subd. (b); § 12022.5, subds. (a), (d).)  He was sentenced to a total of 17 years eight months in state prison.

In his first appeal, we reversed defendant's conviction on count 2 and remanded the matter to the trial court "for full resentencing on defendant's remaining convictions and sentencing enhancements, consistent with [our] opinion, the amendments to sections 654 and 1170, subdivision (b), and the law and circumstances in effect at the time o[f] resentencing."

### B.  *Resentencing*

The trial court conducted a resentencing hearing on December 7, 2023.  The trial court stated that it had reviewed our opinion in defendant's first appeal, vacated defendant's conviction on count 2, and stayed imposition of sentence on count 5,

---

[1]  The procedural history is taken from our opinion in defendant's first appeal (*People v. Norman*, *supra*, E076318) and is provided only for context.

pursuant to section 654. It gave an indicated sentence of 17 years in state prison. Specifically, the trial court indicated its intent to sentence defendant to (1) 14 years in state prison for assault with intent to commit forcible rape (§ 220, subd. (a)(1); count 1), representing the middle term of four years, enhanced by an additional ten years for the personal use of a firearm (§ 12022.5, subd. (a)); (2) a consecutive middle term of eight months for the making of criminal threats (§ 422; count 3); (3) a consecutive middle term of eight months for false imprisonment (§ 236; count 4); (4) a consecutive middle term of one year for assault with a firearm (§ 245, subd. (a)(2); count 6); and (5) a consecutive middle term of eight months for prohibited possession of a firearm (§ 29800, subd. (a)(1); count 7). The trial court did not give any reasons for its discretionary sentencing choices.

After the trial court gave its indicated sentence, the prosecutor and defense counsel proceeded to provide the trial court with updated calculations for credit for time served and conduct credits. There is no indication in the record that defendant objected to any aspect of the sentence, requested any further statement of reasons to clarify the trial court's sentencing choices, or requested the trial court consider additional factors that might be relevant to sentencing. Defendant again appeals.

## III. DISCUSSION

On appeal, defendant argues that his sentence must be vacated and the matter remanded for another resentencing because the trial court conducted a pro-forma resentencing and failed to exercise the full scope of its independent sentencing discretion at the time of resentencing. As we explain, we conclude that this argument has been

4

forfeited and further conclude that, even in the absence of forfeiture, the record is inadequate to show error warranted reversal.

A. *Forfeiture*

The California Supreme Court has repeatedly held that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356; see *People v. Wall* (2017) 3 Cal.5th 1048, 1075 ["[A] defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below."].) The rule of forfeiture applies in " 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.' " (*People v. Boyce* (2014) 59 Cal.4th 672, 730-731; *People v. Scott* (2015) 61 Cal.4th 363, 406.)

The record in this case does not show that defendant raised any objections or otherwise raised any of the arguments he now asserts on appeal at the time of resentencing. Thus, defendant has forfeited any argument that (1) the trial court "did not discuss the facts of the case, did not note that it had reviewed the probation report, did not discuss any factors in aggravation or mitigation, and did not provide any 'interests of justice' analysis"; (2) the trial court "failed to put any reasons for its sentencing choices on the record"; and (3) the trial court failed to explain why it chose to impose the greater

5

punishment under section 654.[2]

Likewise, defendant never argued that the report and sentencing recommendation provided by the probation department failed to include sufficient information for the trial court to exercise its informed discretion at the time of resentencing.[3] Thus, any claim that the trial court erred by relying on an incomplete or inaccurate probation report has been forfeited.

Finally, defendant never argued at the time of resentencing that amendments to section 1385 or 1170, subdivision (b), might apply to reduce defendant's sentence.[4] Notably, even when circumstances might justify the application of these statutes, it is the defendant who bears the burden to raise the issue at the time of sentencing, and the

---

[2] Under section 654, a defendant may not be punished twice for an act or omission that is punishable in different ways by different provisions of law. (§ 654.) Effective January 2022, the trial court now has discretion to choose which punishment to apply at the time of sentencing, whereas the prior version of the statute required the trial court to select the longest available term of punishment. (§ 654; Assembly Bill No. 518 (2021-2022 Reg. Sess.); Stats. 2021, ch. 441, § 1.)

[3] While defendant seeks to characterize the record as a failure by the trial court to obtain an updated probation report, defendant ultimately concedes that the trial court did order the probation department to provide an updated report and updated sentencing recommendation. Defendant's true complaint is that the probation department's response referring the trial court to the probation department's prior report and prior recommendation was inadequate.

[4] Effective January 2022, section 1385 now grants the trial court discretion to strike or dismiss a sentencing enhancement if various enumerated circumstances show that doing so would be in the interests of justice. (§ 1385, subd. (c); Stats. 2021, ch. 721, § 1.) Also effective January 2022, section 1170 provides a presumption in favor of the low term if certain enumerated circumstances exist. (§ 1170, subd. (b)(6); Stats. 567, ch. 731, §§ 1.3, 3.)

failure to do so forfeits any claim of error on appeal. (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724 [defendant's claim that an enhancement should be stricken pursuant to the amended section 1385 forfeited for failure to make request at time of sentencing]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 242 [defendant forfeited argument that trial court erred by failing to articulate the reasons for imposing an upper term sentence under amended section 1170]; *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [defendant forfeited argument by failing to object to trial court's imposition of middle term despite circumstances that created a presumptive lower term under amended section 1170, subd. (b)].) Thus, any claim that the trial court failed to consider recent amendments to sections 1385 and 1170 have been forfeited.

Because the record shows that defendant never objected and never raised, at the time of resentencing, any of the issues he now identifies as error on appeal, we conclude that defendant's arguments have been forfeited and affirm the judgment on this basis alone.

B. *The Record Is Inadequate To Show Error Even Absent Forfeiture*

Even in the absence of forfeiture, we would agree with the People that the record is inadequate to show error warranting reversal.

"A trial court's decision to impose a particular sentence is reviewed for abuse of discretion and will not be disturbed on appeal 'unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Jones* (2009) 178 Cal.App.4th 853, 860-861.) On appeal, " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.

7

[Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377; *Jones*, at p. 861.)

In this case, defendant does not claim that the sentence constitutes an unauthorized sentence. And defendant concedes the trial court never set forth the reasons for its discretionary sentencing choices at the time of resentencing. Given this record, we must presume that the trial court was aware of and understood the applicable law and exercised its discretion consistent with this understanding.

On appeal, defendant urges us to consider the "context" of the resentencing hearing, relaying statements made by the prosecutor to argue that the trial court did not fully reconsider all relevant factors at the time of resentencing. Yet, defendant has not identified any comments by the trial court indicating that it adopted any of the statements made by the prosecutor at the resentencing hearing. Defendant merely argues that because the prosecutor's statements were "unrebutted" and the trial court "expressed no disagreement with the prosecuto[r]," the trial court should be deemed to have adopted the prosecutor's reasoning.

However, when reviewing the record, " '[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown. [Citation.]' 'These general rules concerning the presumption of regularity of judicial exercises of discretion apply to sentencing issues.' [Citation.] In the absence of a clear claim of error, we presume the trial court correctly

8

followed the law.' " (*People v. Martinez* (2017) 10 Cal.App.5th 686, 728; *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097.)  In order to reach the conclusion urged by defendant on appeal, we would be required to ignore the general rule that all presumptions are indulged in support of the judgment and instead draw unfavorable inferences from an otherwise silent record to find an abuse of discretion.  We decline to do so.

Absent a clear indication in the record that the trial court misapplied a statute or misunderstood the scope of its discretion at the time of resentencing, defendant has failed to meet his burden to show an abuse of discretion warranting reversal.  Thus, even in the absence of forfeiture, we would conclude that the record is insufficient to support reversal on the merits.

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                                           J.

We concur:

CODRINGTON
            Acting P. J.


RAPHAEL
            J.

9