Filed 7/25/25  P. v. Dintelman CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083745 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF1907769) |
| DONOVAN DINTELMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, F. Paul Dickerson III, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### INTRODUCTION

A jury found Donovan Dintelman guilty of six counts of robbery (Pen. Code,[1] § 211) and five counts of burglary (§ 459).  Dintelman later admitted he had a prior serious felony (§ 667, subd. (a)) that qualified as a strike prior

---

[1]    Undesignated statutory references are to the Penal Code.

(§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)).  After the trial court denied his motion to strike the prior, it sentenced Dintelman to a total term of 21 years in prison.

Dintelman appealed, contending that the evidence was insufficient to establish he was the perpetrator and the trial court erred by instructing the jury with CALCRIM No. 315.  While the appeal was pending, Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518) was signed into law, amending section 654, and giving trial courts discretion to choose which sentence to impose when a defendant is convicted under two different provisions of the Penal Code for the same act.  (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)  We rejected Dintelman's arguments but remanded the matter for the limited purposes of allowing the trial court to decide whether to exercise its new discretion under section 654.  (See *People v. Dintelman* (Jan. 10, 2022, D078065) [nonpub. opn.].)[2]  On remand, the trial court denied Dintelman's request for a full resentencing and elected to maintain the judgment as originally imposed without modification.

Dintelman appealed.  His appellate counsel filed an opening brief that sets forth the facts relating to this appeal and notes this court previously detailed the facts of the case in Dintelman's prior appeal.  Counsel requests we conduct an independent review of the record pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After reviewing the record and the briefing submitted by counsel, we affirm the judgment.

---

[2]    On our own motion, we grant judicial notice of our prior opinion, *People v. Dintelman, supra*, D078065.  (Evid. Code, §§ 452, 459.)

FACTUAL AND PROCEDURAL BACKGROUND

The following is a brief description of the facts. A more complete factual recitation of the underlying crimes can be found in our prior opinion affirming Dintelman's convictions. (*People v. Dintelman, supra*, D078065.)

A.    *The Underlying Crimes*

Between June 12 and June 22, 2019,[3] Dintelman robbed four grocery store banks wearing a surgical mask and hoodie. The robberies followed a similar pattern: Dintelman handed the teller a manila envelope and demanded money. In one instance, he told the teller he had a gun. On November 15, he committed another robbery at one of the same locations. This time, Dintelman displayed the top of a gun tucked into his belt. The teller later testified that the visible portion of the weapon resembled a BB gun found by police at Dintelman's home. The prosecution also introduced evidence of two attempted, but unsuccessful, grocery store bank robberies on June 12 and 18.

On November 20, a grocery store customer reported a suspicious man in the liquor aisle. The store manager walked toward the area and saw a man in black clothing and a surgical mask heading toward the bank at the front of the store. As the manager followed him outside, he overheard a bank employee on the phone say the word "rob." The manager then saw the man get into a white truck parked in the fire lane and used his phone to photograph the truck and its license plate. An investigation linked Dintelman to the vehicle, and he was arrested.

B.    *The Resentencing Hearing*

The trial court held a resentencing hearing in February 2024 and indicated it had read the parties' sentencing briefs. At the hearing, defense

---

[3]    Undesignated date references are to 2019.

counsel noted that Dintelman wanted to make a statement if the court was willing to hear him. Defense counsel believed it was a full resentencing hearing and argued there is case law on point which stated that a full resentencing hearing is warranted when the court remands a case based on Assembly Bill 518, citing *People v. Jones* (2022) 79 Cal.App.5th 37 and *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922. The court acknowledged full resentencing had been requested but stated, "My suggestion is that I don't hear from Mr. Dintelman."

The court understood its discretion under the remittitur and under the current version of section 654, which allowed it to select a sentence regardless of whether it provides for the longest potential term of imprisonment. However, under the facts and circumstances of the case, the primary harm in each instance was robbery, and therefore, it elected to maintain the judgment as originally imposed. The court further denied Dintelman's request for a full resentencing and stated the original judgment would remain imposed without modification.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. She presented no argument for reversal but asked this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Counsel raised no specific issues on appeal and instead, identified two possible, but not arguable, issues pursuant to *Anders, supra*, 386 U.S. 738 as follows, whether: (1) the trial court erred in deciding not to exercise its discretion under section 654 to impose a lesser sentence; and (2) Dintelman was entitled to a full resentencing hearing. We advised Dintelman of the right to file a supplemental brief within 30 days of the date of filing of the

4

opening brief.  More than 30 days elapsed, and we received no communication from him.

Dintelman's claim to a full resentencing hearing is not reasonably arguable because our prior disposition found no legal error and did not vacate any portion of the sentence.  Instead, we directed the trial court to exercise its discretion under section 654.  (*People v. Dintelman, supra*, D078065.)  Our limited remand, based on the passage of new legislation, did not implicate the full resentencing rule.  (*People v. Cervantes* (2021) 72 Cal.App.5th 326, 330–332.)

An appellate court reviews a trial court's sentencing decision under the abuse of discretion standard and will not overturn it unless the decision is so unreasonable or capricious that no reasonable person would support it.  (*People v. Jones* (2009) 178 Cal.App.4th 853, 860–861.)  Here, the trial court read the resentencing request and the People's sentencing brief, and the heard the arguments of counsel.  It understood its new discretion under section 654 and elected to maintain the judgment as originally imposed.  Nothing in this record suggests any error occurred and we agree with appellate counsel that this issue is not arguable.

Review of the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, including the possible issues referred to by Dintelman's appellate counsel, have disclosed no reasonably arguable appellate issues.  We find that Dintelman was adequately represented both at trial and on appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.