Filed 1/21/26  P. v. Rash CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| THE PEOPLE, | C102021 |
| --- | --- |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CF01565, 22CF00247 & 23CF00903) |
| v. | |
| JEFFREY SCOTT RASH, | |
| Defendant and Appellant. | |

Defendant Jeffrey Scott Rash pled no contest in three separate cases to identity theft and failure to appear.  He waived a jury or court trial for the determination of aggravating factors and agreed that the trial court could impose the lower, middle, or upper term.  The trial court sentenced him to an aggregate term of four years four months, including the upper term of three years on the identity theft count.  Defendant did not object in the trial court to the trial court's finding of an aggravating factor or to the upper term sentence.

Defendant now contends the trial court erred under Penal Code[1] section 1170 in imposing the upper term sentence because it did not consider his substance abuse as a

---

[1]      Undesignated section references are to the Penal Code.

1

mitigating factor. We conclude defendant forfeited the contention by failing to object in the trial court. Accordingly, we will affirm the judgment.

BACKGROUND

In April 2021, in Butte County Superior Court case No. 21CF01565 (case No. 1565), defendant was charged with identity theft (§ 530.5, subd. (c)(3)), possession of methamphetamine (Health & Saf. Code § 11377, subd. (a)), and possession of drug paraphernalia (Health & Saf. Code § 11364, subd. (a)). Defendant was charged after he was found with the identification documents of over 22 people, which he used to file fraudulent claims with the Employment Development Department (EDD), resulting in payment of $202,758 in fraudulent benefits. Defendant was released on bail in May 2021.

In January 2022, defendant was charged in a separate case, Butte County Superior Court case No. 22CF00247 (case No. 0247), for failure to appear while on bail (§ 1320.5) in case No. 1565 and an earlier case. Bail was reinstated in case No. 1565, and defendant was released on his own recognizance in case No. 0247.

In December 2022, defendant pled no contest to identity theft in case No. 1565 and failure to appear in case No. 0247. Pursuant to a plea agreement resolving these and three other cases, the remaining counts and cases were dismissed with a *Harvey*[2] waiver. As part of defendant's plea, defendant acknowledged that the trial court could not impose a sentence exceeding the middle term unless aggravating factors justified the upper term. Defendant waived his right to a jury or court trial on aggravating factors. Defendant agreed the trial court could find aggravating factors based on the probable cause declaration, police reports, and probation report, and he acknowledged that the trial court could impose the lower, middle, or upper term. Defendant also agreed that if he believed

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

the summary in the probation report was incomplete or incorrect, he could submit additional portions from the probable cause declaration and police reports. Defendant was released on his own recognizance in both cases.

Defendant failed to appear for sentencing, and he was charged in a separate case, in Butte County Superior Court case No. 23CF00903 (case No. 0903), for failure to appear (§ 1320.5, subd. (b)) in case No. 1565 and case No. 0247. Defendant pled no contest in case No. 0903 in June 2024. Defendant's plea form in case No. 0903 had essentially identical provisions to his plea form in case Nos. 1565 and 0247.

*Probation Report*

The Butte County Probation Department (the Department) prepared a combined report for case Nos. 1565, 0247, and 0903 before sentencing. The Department reported that defendant admitted to using methamphetamine weekly, he wished to enter a residential treatment program to address his addiction, and he previously participated in a five-month program. The Department noted that defendant denied committing identity theft or receiving any money from the EDD. The Department also noted defendant's lengthy criminal record, which included 11 felony and 10 misdemeanor convictions.

The Department listed several aggravating circumstances under California Rules of Court, rule 4.421. Specifically, the Department found that (1) the identity theft crime involved planning or sophistication, (2) the crime involved the taking of great monetary value, (3) defendant had numerous prior convictions and served prior prison terms, (4) defendant was on mandatory supervision when the crimes were committed, and (5) defendant's prior performance on supervision was unsatisfactory. The Department found no mitigating factors.

The Department ultimately recommended an upper term, three-year sentence on the identity theft conviction, and consecutive eight-month sentences on the failure to appear convictions (one-third of the middle term). However, the Department recommended a split sentence, with one year to be served in custody and 731 days

3

suspended and served under mandatory supervision. The Department explained that the "portion of the sentence which is suspended will afford the defendant the opportunity to receive extensive substance abuse treatment and provide the defendant with the opportunity to address the behaviors that initially caused him to commit these crimes."

*Sentencing*

At sentencing, the trial court stated that it had read and considered the probation report, as well as a letter from defendant that was provided during the hearing. The court stated its intention to deny probation and impose the upper term of four years four months in county prison, with the final 731 days of the sentence suspended and served on mandatory supervision.

The People agreed with an upper term sentence but objected to mandatory supervision. They noted that defendant had six violations of mandatory supervision and 25 violations of parole, showing he was unable to comply with the terms of supervision despite many opportunities. They also argued that he denied responsibility for identity theft and his failure to report. Defendant provided no argument in response to the People's arguments or the trial court's intended sentence.

The trial court stated it would follow the recommendation of the Department to suspend a portion of defendant's time, "so that it would afford [defendant] the opportunity to receive extensive substance abuse treatment and provide the defendant with the opportunity to address the behaviors that initially caused him to commit these crimes." The court found there was a factual basis for defendant's plea and noted that defendant stipulated to the court finding possible aggravating facts on his plea form. The court then found that the circumstances in aggravation outweighed the circumstances in mitigation because the crime resulted in a great monetary loss, specifically the $202,758 the EDD paid on fraudulent claims, and there were no mitigating factors.

The trial court sentenced defendant to the upper term of three years on the identity theft conviction and consecutive terms of eight months (one-third the mid-term) on each

4

of the convictions for failure to appear, for an aggregate term of four years four months. The court suspended the concluding 731 days of the term, with that period to be served under mandatory supervision.

Defendant timely appealed but did not obtain a certificate of probable cause. (§ 1237.5)

## DISCUSSION

Defendant contends the trial court erred in imposing the upper term sentence because it did not consider his substance abuse as a mitigating circumstance. We find this contention has been forfeited.

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170 to limit the trial court's discretion to impose a sentence greater than the midterm. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 731, § 1.3.) To impose a sentence beyond the midterm, the sentence must be justified by at least one aggravating factor, and the facts supporting the aggravating factors must have been stipulated to by defendant, found true beyond a reasonable doubt by the trier of fact, or established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3), as amended by Stats. 2021, ch. 731, § 1.3.)

Defendant waived a jury or court trial for the determination of aggravating factors and agreed the trial court could impose the lower, middle, or upper term. The probation report was filed before the sentencing hearing and recommended the imposition of the upper term based on several aggravating circumstances, including defendant's numerous prior convictions and prison terms, defendant's mandatory supervision at the time of the offenses, and defendant's fraudulent receipt of $202,758 from the EDD. There is nothing to indicate that defendant filed a sentencing memorandum at the time of sentencing or otherwise objected to the Department's findings and recommendation, or that he presented his substance abuse as a mitigating circumstance. (See *People v. Jones* (2009) 178 Cal.App.4th 853, 859.)

5

The trial court found the aggravating factors outweighed the mitigating factors, specifically noting the EDD's payment of $202,758 in fraudulent claims and finding no mitigating factors. Defendant did not object or dispute the findings. Nor did defendant object to the imposition of the upper term on the identity theft conviction or his aggregate sentence. (See *People v. Jones, supra*, 178 Cal.App.4th at p. 859.)

Defendant had an opportunity to object to the trial court's findings regarding circumstances in aggravation and mitigation and the court's sentence. His failure to object forfeited the appellate challenge here. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court.' " (Italics omitted.)

## DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Hull, Acting P. J.

_____\s\_____,
Boulware Eurie, J.

6